NANCE v. HILL.

1. A levy is not a condition precedent to an application for a homestead.
2. A debtor is entitled to a homestead whether he lives on the land claimed or not. *Swandale* v. *Swandale*, 25 *S. C.*, 389, approved.
3. A homestead cannot be assigned to a debtor out of his undivided interest in land held in joint tenancy. Until partition made, the application for homestead is premature; but the court may restrain a sale of his interest under execution until partition is made, when he will be entitled to demand an assignment.
4. In the absence of evidence to the contrary, the court will assume the correctness of the statements contained in the sheriff's notice and the appraisers' return, as to the appointment of the appraisers and their qualification.

Before HUDSON, J., Laurens, June, 1886.

The opinion states the case.

*Mr. F. P. McGowan*, for appellant.

*Messrs. Ball & Watts*, contra.

March 7, 1887. The opinion of the court was delivered by

MR. JUSTICE McIVER. The plaintiff having recovered a judgment against the defendant upon a debt contracted since the adop-

tion of the amendment to the constitution in 1880, lodged his execution with the sheriff for the enforcement of said judgment. Thereupon the defendant gave notice to the sheriff in writing that he demanded that his homestead be set off to him under said execution, naming in said notice one Hogan Goggans as appraiser on his part. Thereupon the sheriff issued his notice in writing, addressed to said Goggans, one J. C. Wade, and one George C. Risor, appointing said Goggans as appraiser on the part of the defendant, the said Risor on the part of the plaintiff, and said Wade on the part of the sheriff, and directing them, "after being duly sworn," to appraise and set off by metes and bounds a homestead for defendant. These appraisers in due time made their return in writing, wherein they say that, "having duly qualified before W. S. Pitts, trial justice," they had set off, of the estate of said Hill, "the following described property, to wit, half interest in one tract of land known as the Todd place, containing three hundred and fifty acres," giving the boundaries and estimating the value at seven hundred and fifty dollars, and also certain personal property therein named, with its value, amounting to much less than the amount allowed by law. To this return the plaintiff filed exceptions, all of which were overruled by Judge Hudson, who confirmed the return, saying, "I can find nothing in amendments to constitution and acts of legislature that prevents a head of a family from having a homestead set off in lands that he does not reside on, or holds in joint tenancy or as tenant in common, but rather the contrary."

From this judgment or order the plaintiff appeals, substantially upon the following grounds: 1st. Because there was no levy under the execution. 2nd. Because the proceedings did' not show either that the defendant was a resident of the State, or that he was the head of a family, or that he lived on the land or lands appurtenant to that assigned. 3rd. Because no homestead can be assigned in an undivided interest in real estate. 4th. Because the appraisers were not sworn and none of them were appointed by the plaintiff.

As to the first ground, we do not think any levy was necessary, or could, in fact, be properly made, if it is made to appear that the defendant was entitled to a homestead in the land in

question. The act (section 1994, General Statutes) expressly declares that the homestead shall be exempt from levy as well as sale under execution; and as section 310 of the Code of Procedure expressly exempts such property from the lien of a judgment, and as there could be no levy unless there was a lien, it follows that a levy is not a condition precedent to an application for a homestead.

As to the second ground, it may be stated that the "Case" is exceedingly meagre in its statement of facts; so much so that the main fact upon which appellant's strongest ground of appeal rests, to wit, that the defendant was only entitled to an undivided interest in the land out of which the homestead was allowed, does not appear, except by implication. Under these circumstances we must infer from the language used by the Circuit Judge, as well as from the absence of any statement to the contrary, that it was either admitted or in some other way made to appear that defendant was the head of a family and a resident of this State. Whether the defendant lived on the land out of which the homestead was claimed, is wholly immaterial. The language of the constitution as amended in 1880 is very different from that used in the original constitution, There the exemption was of "*the* family homestead, * * * *such* homestead consisting of dwelling house," &c.; while the language of the amended constitution is, "*A* homestead in lands," &c. In the one case the designation of the property exempted was definite and specific, while in the other it is indefinite and general. But as this question has already been distinctly decided in the recent case of *Swandale* v. *Swandale*, 25 *S. C.*, 389, we need do no more than refer to that case.

The third ground presents a question of more difficulty. While we not deny that a person may be entitled to claim a homestead in his undivided interest in real estate, *after his share therein has been duly ascertained and set off to him*, it seems to us that there is an insuperable practical difficulty in assigning a homestead out of an undivided interest in real estate, before the same has been partitioned. The act in terms requires that the homestead shall be set off "by metes and bounds," and this is impracticable before partition. For, until partition, it cannot be known with any degree of certainty what particular portion of the land

belongs to any one of the tenants in common ; or, indeed, whether any of it will be assigned to a given tenant. To use the language of Dunkin, Ch., in *Keckeley* v. *Moore*, 2 *Strob. Eq.*, 23 : "It is quite manifest that, until partition made, it is impossible to determine whether the child will be entitled to any, or to what portion of the estate." In that case the purchaser at a sale for partition sought to be relieved from complying with his bid, on the ground that there was an unsatisfied judgment which was a lien on the undivided interest of one of the children, and the court held that in such a case the title of the purchaser could not be affected by such judgment, and required him to comply.

Now, if hereafter the land in which the defendant seems to have an undivided interest, should be sold for partition, serious complications might arise as to the rights of the parties, and perhaps the defendant might have to renew his application for exemption of his share of the proceeds of sale. At all events, in view of the fact that it is practically impossible to set off a homestead by metes and bounds in an undivided interest in real estate, and inasmuch as neither the constitution nor the act mentions such an interest, but simply provides for "a homestead in lands, whether held in fee or any lesser estate," probably because of this practical difficulty, we think the conclusion follows that the court has no authority to assign a homestead out of an undivided interest in real estate, and therefore that the present application is premature.

But as we think it clear that the object of the constitution was to confer this exemption upon the head of every family residing in this State, we do not think that the fact that it is impracticable now to make the assignment should defeat the defendant's right to demand such exemption at the proper time; and we suppose that the court would, under a proper proceeding, and upon a proper showing for that purpose, by its preventive process interpose to restrain the sale of his undivided interest until he could have an opportunity, by partition, to have his share ascertained and set apart to him, in which he might then demand that a homestead should be set off to him. We think, therefore, that the judgment or order appealed from should be reversed, solely upon the ground that the application for assignment of homestead

is premature, and without any prejudice whatever to any application he may hereafter make.

Under the view just presented, the questions raised by the fourth ground are no longer practical; for as the assignment of homestead must be set aside on the ground above stated, any informalities or irregularities in the proceedings already had are of no consequence. We may say, however, that the directions in the sheriff's notice, requiring the appraisers to be sworn, as well as the recital in the return that they were so sworn, would, in the absence of any evidence to the contrary, seem to be sufficient evidence that they were duly qualified. So, too, as to the appointment of an appraiser on behalf of the plaintiff we must assume, in the absence of any evidence to the contrary, that the sheriff did his duty as required by the act, and that the plaintiff either named the appraiser Risor, or that he declined to suggest the name of any one, when it became the duty of the sheriff, under the act, to make the appointment himself.

The judgment of this court is, that the judgment or order of the Circuit Court be reversed, upon the ground and with the limitation above stated, without prejudice to the right of the defendant to institute such further proceedings as he may be advised are necessary for the protection of his rights in the premises.