## MELLICHAMP v. MELLICHAMP.

1. In construing a deed or other paper, the first effort of the court should be to ascertain the intention of the parties from the language which they have used.

2. Under a deed of conveyance in fee to "M and the children she already has and may hereafter bear by her husband E"—M then having children—a child born after the execution of the deed is entitled on its birth to be let into an equal share with the others. Partition ordered of this land during the life-time of M and E.

3. M, holding a one-ninth interest in a tract of land in common with her daughter, who held the same interest, and owning another tract of land absolutely, conveyed this latter tract to said daughter "in lieu and bar of all her interest in and to the real estate" of her said mother. *Held,* that the daughter had not surrendered her own one-ninth interest held by her in common with her mother.

4. An assignment of homestead to a tenant in common before partition is premature and therefore a nullity. But partition might be afterwards so ordered as to give to such tenant for his share that part of the land which includes the homestead so admeasured, if it can be done without injury to the other co-tenants.

Before ALDRICH, J., Fairfield, September, 1886.

This was an action for partition by P. C. Mellichamp against his two children, Mrs. Marion R. Mobley and her children, and T. G. Patrick and R. A. Patrick—Edward P. Mobley, sr., and his wife, Marion R., were both living at the time of the trial. The land sought to be partitioned was conveyed by John Mobley on January 15, 1878, to "Marion R. Mobley and the children she already has and may hereafter bear by her husband, the said Edward P. Mobley, sr., her or their heirs and assigns."

The Bucklick place, referred to in the opinion, was conveyed by John Mobley on April 12, 1871, to "Marion Mobley and her heirs." Other matters are stated in the opinion of the court.

*Mr. E. B. Ragsdale,* for appellants, the Mellichamp children.

*Mr. J. K. Henry,* for the Patricks, appellants.

*Messrs. Charles A. Douglass* and *H. N. Obear,* for respondents.

February 23, 1888.    The opinion of the court was delivered by MR. JUSTICE McIVER.    This action was instituted for the purpose of obtaining partition of a certain tract of land described in the complaint, containing 3,771 acres, and the several questions

raised by the appellants grow out of the following facts : on January 15, 1878, one John Mobley conveyed the tract of land described in the complaint to the defendant, "Marion R. Mobley, and the children she already has and may hereafter bear by her husband," Edward P. Mobley, sr. At the time of the execution of this deed Mrs. Mobley had borne to her said husband the following children, viz., Edward P., jr., Moses H., Kate (who had intermarried with the plaintiff), Marion, Jones, Hattie, and Nancy—seven in number—all of whom were then living. After the said deed was executed, another child—the defendant, Berry H. Mobley—was born to the said Marion R. and Edward P. Mobley, sr., whose right to participate in the partition is disputed by some of the parties.

Some time after the marriage of the plaintiff with Kate Mobley they went into possession of a tract of land, known as the Bucklick place, which had previously been conveyed to Mrs. Marion R. Mobley by the said John Mobley, under an alleged gift from Mrs. Mobley, but no title was then executed. Kate Mellichamp died intestate some time in the year 1880, leaving as her heirs at law, her husband, the plaintiff, and her two children, Marion R. Mellichamp and Kate S. Mellichamp, defendants herein. Shortly before the commencement of this action, proceedings were instituted by the plaintiff herein with his two children against Marion R. Mobley to enforce specific performance of her agreement to convey the Bucklick place to the plaintiff and his wife, which resulted in a decree, by consent, that Marion R. Mobley should convey to the plaintiff and his two children, as tenants in common, the said Bucklick place, the decree providing: "That the tract of land hereby required to be conveyed to the plaintiffs (in the action for specific performance) shall be taken by them and held by them, as aforesaid, in lieu and bar of all their interests in and to the real estate of the said Marion R. Mobley" by virtue of their heirship to the said Kate Mellichamp, deceased. This, it was insisted by some of the parties, deprived the Mellichamps of the right to participate in the partition of the tract of land described in the complaint, upon the ground that they had accepted the Bucklick place in lieu of such interest.

It also appears that shortly before the commencement of this action a judgment was recovered by one Mockbee against the defendants, Marion R. Mobley, Moses H. Mobley, and Edward P. Mobley, jr., and that when the sheriff was proceeding to enforce the execution issued upon such judgment, the defendants just named interposed their claim of homestead, under which the commissioners named for that purpose undertook to set off to said Edward P. Mobley, jr., three hundred acres of the tract in controversy, valuing the same at nearly one thousand dollars; to said Moses H. Mobley one hundred and fifty acres, valued at the same amount; and to said Marion R. Mobley one hundred and twenty acres, valued at nearly eight hundred dollars, after which the sheriff levied on and sold the interests of these parties in the remainder of the tract, and the same was bought by the defendants, T. G. Patrick and R. A. Patrick, who now hold sheriff's titles for the same.

The Circuit Judge held that Berry H. Mobley, though born after the execution of the deed from John Mobley to Marion R. Mobley and her children, was entitled to share in the partition, and that the Mellichamps were not excluded from any interest in the land in controversy by reason of the conveyance of the Bucklick place to them. He therefore ordered "that a writ of partition do issue * * * to divide the same into nine parcels of equal value, and that three of said parcels do conform as near as may be to the boundaries of the homesteads assigned respectively to Marion R. Mobley, Edward P. Mobley, jr., and Moses H. Mobley, so that each of such three parcels shall include the whole of each of said respective homesteads in case the same shall be of less value than the several distributive shares of the said Marion R. Mobley, Edward P. Mobley, jr., and Moses H. Mobley; and if said homesteads shall exceed in value such shares, then each of the said three parcels shall include so much of each respective homestead as shall be equal to the value of a share; and to allot to the said Marion R. Mobley, Edward P. Mobley, jr., and Moses H. Mobley, respectively, the parcels containing their respective homesteads, provided the same do not exceed their respective shares in the premises; and if such parcels, or either of them, shall exceed the homesteads of said defendants, to allot such ex-

cess to the defendants, Thomas G. Patrick and Robert A. Patrick ; to allot one of the remaining parcels to the plaintiff and the defendants, Marion R. Mellichamp and Kate S. Mellichamp, and to allot one of the remaining parcels to each of the other defendants."

To this decree the parties named above as appellants except on the several grounds set out in the record, which need not be repeated here, as these exceptions really present but three inquiries, viz., 1st. Whether the after-born child, Berry H. Mobley, took any interest under the deed from John Mobley to Marion R. Mobley and her children. 2nd. Whether the Mellichamps can be excluded from participation in the partition of the tract of land described in the complaint. 3rd. Whether there was any error in the mode prescribed for ascertaining the homestead interests of the defendants setting up such claim.

As to the first question, there can be no doubt that the intention was to include after-born children, for the language is, "unto the said Marion R. Mobley and the children she already has *and may hereafter bear* by her husband, the said Edward P. Mobley, sr.," and it is difficult to conceive what language could have been employed more expressive of an intention to include after-born children. It is true that this question arises under a deed, and not under a will, where it is supposed greater weight is given to the intention ; but, as we understand it, when a court is called upon to construe any paper, the first effort should be to ascertain the intention of the parties from the language which they have used. It is, however, likewise true that sometimes the intention of the parties, although so clearly expressed as to leave no doubt upon the subject, cannot be carried into effect, even in case of a will, because such intention contravenes some settled rule of law ; and it is argued here that although the intention is plain to include after-born children, the deed cannot be given such effect because it violates the well established rule of law that "a freehold estate cannot be limited to commence *in futuro*," and therefore as Berry H. Mobley was not in existence when this deed was executed, and when the estate granted passed out of the grantor, it could never afterwards have the effect of vesting any estate in him. The cases cited to support this view are

9

*Stroman* v. *Rottenbury*, 4 *DeSaus. Eq.*, 268; *Myers* v. *Myers*, 2 *McCord Ch.*, 214 (16 *A. D.*, 648); *McMeekin* v. *Brummet*, 2 *Hill Ch.*, 638; *Holeman* v. *Fort*, 3 *Strob. Eq.*, 66 (51 *A. D.*, 655); and *Kitchens* v. *Craig*, 1 *Bail.*, 119.

Now, while in all of these cases the after-born children were. excluded, it was because the court held that the terms of the instrument—deed or will—did not show an intention to include the after-born children, and not because such children could not take under the rules of law. On the contrary, it is plainly implied in all of these cases that if the language used had shown an intention to include after-born children, such would have been the effect. The case of *Hall* v. *Thomas* (3 *Strob.*, 101), is also cited in support of the view contended for by appellant. That was a case in which a mother, by a very informal deed of gift, transferred personal property to her two children, "Martha and Avan, and also, if I should have any more children, they shall all my children be equal and share equal in this my property, given and intended to be granted and given and confirmed, and by these presents do give, grant, and confirm unto my said children," &c., "of all which premises I, the said Magdalen Ulmer, have put the said my children in full and peaceable possession by virtue hereof;" and it was held that this paper by its terms vested the whole legal estate in the children born at the date of the deed, to the exclusion of those born afterwards, stress being laid upon the words last quoted, as one not *in esse* could not be put in possession.

It is true that O'Neall, J., in delivering the opinion of the court, also lays down the doctrine that "a deed is *inter vivos*, and is to take effect *in presenti*. Such a thing as a deed to a person unknown or not *in esse*, cannot be. * * * Such a thing as a direct and immediate gift of personalty to person not *in esse* has not as yet been allowed, and I trust never will be." But he adds further on in the same opinion: "If this had been a conveyance of land, the most that could have been made of it between the parties would have been, that at law the legal estate was in the grantees, Martha and Avan, and in equity that they might have been regarded as trustees of a springing or shifting use, 1st, for themselves; 2nd, for themselves and the after-born

children, as they respectively come into being." If this be so, then, upon the same principle, the after-born child, Berry H. Mobley, could be let in.

In considering the question arising under a devise to children, as to the point of time at which the class is to be ascertained, or rather as to the period within which the objects must be born, we find in 2 *Jarm. Wills,* *98, the following language : "We are now to consider how the construction is affected by the words 'to be born' or 'to be begotten' annexed to a devise or bequest to children, with respect to which the established rule is, that if the gift be immediate, so that it would, but for the words in question, have been confined to children (if any) existing at the testator's death, they will have the effect of extending it to *all* the children who shall ever come into existence, since in order to give to the words in question *some* operation, the gift is necessarily made to comprehend the whole." Now, while this language is applied to a will, we do not see why it should not also be applied to a deed for the purpose of effecting the manifest intention of the parties, and giving to the words used *some* operation and effect. Indeed, we find that the principles upon which the above stated rule seems to rest, have been applied to a deed in the case of *Hewet* v. *Ireland* (1 *P. Wms.,* 426), though the precise question here under consideration did not arise in that case. Nearly forty years ago it was said by one of the chancellors of this State that, "The difference between the rules of construing deeds and wills has often been a subject of regret; and it is evident that the current of decisions is gradually wearing it away, so that at no very distant day it is probable they will become almost identical."

If, therefore, any mode can be devised by which the manifest intention of the parties, as expressly declared in this deed, can be carried into effect without violating an ancient rule of the common law, deriving its origin from the feudal system, as Judge O'Neall seems to think there can be, we think it should be adopted. It will be observed that the deed here in question is not solely to persons not *in esse* at the time of its execution, but there were persons in existence then competent to take the estate conveyed, and we do not see why the estate thus vested in them may not, in order to effect the intention, open and let in all of the class

expressly mentioned in the deed as they severally came into existence. It seems to us, therefore, that there was no error on the part of the Circuit Judge in holding that Berry H. Mobley was entitled to share in the partition of the land described in the complaint.

As to the second inquiry presented by this appeal, a bare statement of the facts is, we think, a sufficient answer. Mrs. Marion R. Mobley had nothing but an undivided interest in the tract of land sought to be partitioned, and how the acceptance by the Mellichamps of the conveyance of the Bucklick place, "in lieu and bar of all their interests in and *to the real estate of the said Marion R. Mobley*," can be regarded as a surrender of their interests in land belonging to others, it is impossible for us to conceive. The interests of the Mellichamps in the land sought to be partitioned did not come to them by or through Mrs. Marion R. Mobley, but directly from their grandfather, John Mobley; and how such interest thus derived could, in any sense, be regarded as any part of "the real estate of the said Marion R. Mobley," we are unable to understand. It may be, as was argued for the appellants, that Mrs. Marion R. Mobley, when she withdrew her answer in the action for specific performance and consented to the decree of Judge Wallace, supposed that she had the same right to the land now in question that she had to the Bucklick place (though in face of the terms of the deed from John Mobley to her and her children, it is difficult to conceive how she could have taken up such an impression), and that her intention in making the deed for the Bucklick place was that the Mellichamps should surrender their interest in the tract now in question; but even if that be so, it is quite certain that the Mellichamps had no such intention, and are not bound by any such understanding on the part of Mrs. Marion R. Mobley, which the evidence does not show was ever made known to them before the deed to the Bucklick place was signed.

But what puts the matter beyond all dispute is the testimony, that before the decree for specific performance was signed a proposition was made by the attorney for Mrs. Marion R. Mobley to the attorneys for the Mellichamps that they should take the Bucklick place in lieu of their interest in all the other land,

which was declined, and the attorney for Mrs. Mobley agreed that "the decree should follow the words of Mrs. Mobley's letter, as it did," which words, "I intend to have the Bucklick place fixed on you, as your share *of my property*," cannot be construed to mean anything else than what they plainly import—that the Bucklick place was given to the Mellichamps as their share of Mrs. Mobley's property, and cannot embrace their share of other property derived from another source.

The only remaining inquiry is as to the homesteads, which, in our judgment, were prematurely assigned. *Nance* v. *Hill*, 26 *S. C.*, 227. Until partition is made, it cannot possibly be known what particular portions of the land will belong to these judgment debtors. Before that is done, each tenant in common being seized *per my* and *per tout*, no one of them can be regarded as exclusively entitled to a single foot of the land; and as the act requires that a homestead shall be set off by metes and bounds, which is impracticable before partition, it follows that the court has no power to assign a homestead out of an undivided interest in real estate; and hence the attempted assignments heretofore made must be regarded as mere nullities.

We see no objection, however, to providing in the writ of partition that the commissioners, as far as it is practicable for them to do so without prejudice to the interests of the other parties interested, in ascertaining what would be the shares of Marion R. Mobley, Edward P. Mobley, jr., and Moses H. Mobley, respectively, shall include therein the whole or such portions thereof as may be necessary to make up their several shares of the portions of the land which the homestead appraisers heretofore have attempted to set off to them, respectively, as their homesteads. The Patricks having purchased all the interests of the three parties just previously named, subject to levy and sale under execution, will be entitled to receive whatever remains of their respective shares, after their several homesteads therein have been laid off to them respectively. It seems to us, therefore, that the judgment of the Circuit Court, in respect to the homestead matter, must be modified as herein indicated, but affirmed in all other respects.

The point raised by one of the counsel, that the appeal of the

`Patricks, in so far as it affects the question of homestead, cannot be heard because of want of notice in due time ·to the parties affected thereby, need not be considered, because the matter of the homestead affects, or may affect, the interests of all the parties. For the same reason, the point that the Patricks cannot now raise the question that the assignment of homesteads was premature, does not necessarily arise, and need not, therefore, be considered.

The judgment of this court is, that the judgment of the Circuit Court, as herein modified, be affirmed, and that the case be remanded to that court for such further proceedings as may be necessary to carry out the views herein announced.