## KETCHIN v. PATRICK.

1. Under levy upon the undivided interests of three tenants in common
(there being nine in all) they claimed a homestead each, which was
allowed them, M, one of the judgment debtors, having 121 acres as-
signed to her.  The sheriff then sold these three interests in the tract
as thus reduced in quantity by these homesteads, and the defendants to
this present action became the purchasers.  Under partition proceed-
ings subsequently had, these assignments of homestead were adjudged
to be nullities because made before partition was effected.  It was then
adjudged in that case, that 80 acres out of the tract sold should be set
apart as a homestead to M, and that the 121 acres previously claimed
by her should vest in the said purchasers as a portion of their share.
Before this, however, another judgment was obtained against these
same three tenants in common, under which their interest in these 121
acres was levied and sold, and was purchased by the plaintiffs in this
present action.  *Held*, that neither plaintiffs nor the judgment creditor
under whom they purchased, being parties to the partition proceed-
ing, they were not bound thereby, and that all rights acquired by de-
fendant under that proceeding as against the parties to that cause, to
the 121 acres, which they did not purchase at the sheriff's sale, were
subject to the lien of the second judgment, and plaintiffs acquired a
good title, at least against the three-ninths interest of their judgment
debtors.
2. A judgment is a lien upon the judgment debtors' undivided interest as
tenants in common in a tract of land, but this lien being subordinate
to the rights of the co-tenants to enforce a partition, it is transferred
after partition to the debtor's portion assigned to him in severalty or
to his share in the proceeds of sale.

3. Where partition has been made by law, none of the partitioners is a warrantor to the alienee of one of them.

Before PRESSLEY, J., Fairfield, September, 1889.

Action by Thomas H. Ketchin against T. G. and Robert A. Patrick for the recovery of 121 acres of land. The following requests to charge were submitted by defendants :

1. That where partition is made, each partitioner becomes warrantor to all the others to the extent of his share; that all the other co-tenants had warranted to these defendants in the partition; and that if the land in dispute was exempt from execution in the hands of Marion R. Mobley, it was therefore exempt in the hands of defendants.

2. That if the jury find this tract of land to be exempt in the hands of Marion R. Mobley, and if the jury find that she has had a homestead assigned to her out of the land sold by sheriff to defendants in lieu of this place, then the jury will find for the defendants.

The judge charged as follows :

These parties held this land in common, by the will of John Mobley. Mr. Mockbee got a judgment against three of them, that is, Marion Mobley and two of her children. A fourth is mentioned, but the fourth person had no interest in the land. When this land was levied on under Mockbee's judgment, these three parties claimed homestead. They claimed it, although the land had not been divided. The sheriff's business was to sell their interest in the land, subject to the homestead, and the homestead could not be set apart until the time came for partition. He set apart the homestead of these three persons, and after doing that, he again levied on the land and sold their interests in the rest of the land, and that was all that the purchaser took by the title of these defendants. He bought their interest in the rest of the land, leaving out that which had been set apart as a homestead. What was the effect of the Court of Appeals setting aside the homestead? The effect of it was to leave the land in which he had bought an interest subject to partition between him and the other six parties, and to leave the land which had been

left out subject to partition between the whole of the original parties.

Well, the partition came. The commissioners went upon the land and they partitioned it. In partitioning it, they gave Edward Mobley and Mose Mobley their homestead in the land which had been previously set apart, but they did not give Mrs. Mobley a homestead in the 121 acres which had been set apart to her. They gave it to her out of the other land—out of the land in which the defendant in the case had bought an interest. Having set apart the three homesteads, they proceeded to divide the other land, that is, they proceeded to allot to Patrick the shares of the three Mobleys which he had bought at sheriff's sale. What they should have done would have been to have allotted to him those three full shares out of the land which he had bought, but instead of doing that, they allotted the greater portion of that to the other six, and to make his share equal to theirs, they allotted part of the land which had been previously set apart to Moses Mobley and part of the 121 acres which had been set apart to Mrs. Mobley. He had previously no interest in that by his purchase, but the other six heirs had six-ninths of it. The moment that assignment of homestead was set aside, then the other six heirs became entitled to six-ninths of that land, and in this partition in which they were heirs, this 121 acres was allotted to Mr. Patrick.

What is the law of partition? The law of partition is, that if they allot to a portion of the heirs more land in value than others get out of that land, then the commissioners are bound to make compensation in some way to those who get less, and so the court had always the right to infer that they have made the shares equal, and that their allotment was that which made the shares equal. So, then, I have the right to say to you that in allotting to the defendants in this case the 121 acres of land, they thought it was necessary to do so in order to equalize him with the other six heirs, the other six having got more than their share out of the other land. Now, had they the right to do so? I charge you that in so far as the shares of the other six in that 121 acres was concerned, the commissioners had the right to allot that to the defendants by their consent; and I charge you that the effect

of that allotment had the effect to vest six-ninths of the 121 acres in the defendants.

Now, what about the other three-ninths? The other three-ninths being subject to the lien, that is, the shares of Mrs. Mobley, Moses Mobley, and Edward P. Mobley being subject to the lien of the judgment of the Bank of Charlotte, and being a party to that partition, that allotment of their shares in that land to the defendant was a nullity. They had no right to allot to him their shares in that land, except subject to the lien of the Bank of Charlotte upon their shares. So that I charge you, so far as the court of law is concerned, no matter how it might be in the court of equity, had it been carried there, they having received their homestead outside of that 121 acres, their shares in that 121 acres was subject to the lien of the Bank of Charlotte, and as levied on as such the purchaser took three-ninths of that land, and he could take no more, because six-ninths had been sold to Patrick. If that be your view of the facts of the case, I charge you that the plaintiff is entitled to three-ninths of the tract of land in dispute, and the defendants are entitled to six-ninths of the land in dispute. The form of your verdict will be, "We find that the plaintiff is entitled to three-ninths of the 121 acres of land in dispute, and that the defendants are entitled to the other six-ninths."

The defendants appealed upon the following exceptions:

1. For that his honor erred in refusing to charge the jury the propositions submitted by counsel for defendants.

2. That his honor should have charged the jury that when partition is made at law, each partitioner becomes a warrantor of all the others to the extent of his share.

3. That his honor should have charged the jury that if they should find that Marion R. Mobley was entitled to a homestead in the tract of land in dispute, then the same was exempt in her hands from attachment, levy, and sale; and if the jury should further find that this exemption (121 acres) had been assigned to the defendants in the partition, and that a homestead had been assigned to Marion R. Mobley out of the lands conveyed by the sheriff to defendants in lieu thereof, then this land in dispute was

exempt in the hands of defendant from attachment, levy, and sale, and the jury should find for the defendants.

4. For that his honor should have charged the jury that if they should find that each of the defendants, Marion R. Mobley, Moses H. Mobley, and Ed. P. Mobley, jr., were entitled to homestead exemptions in the 3,771 acres of land, then the assignment to Moses H. and Edward P. of the tracts which had been prematurely set off to them, had the effect of vesting in Marion R. Mobley as her exemption, the interest of these two parties in the 121 acres of land now in dispute, free from any lien and not subject to execution, and that the said land being exempt in her hands would be exempt in the hands of the defendants, she having been assigned a homestead, in lieu of the 121 acres, out of that portion of the tract of 3,771 acres which had been sold by the sheriff to defendants, and that the jury should find for defendants.

5. That his honor should have charged the jury that the title to the tract of land in dispute had been vested in the defendants by the judgment of the courts in Mellichamp *v.* Mellichamp, free from the lien of the judgment of Merchants' and Farmers' Bank *v.* Mobley *et al.*, or any other judgment, that the plaintiff took no title at his purchase from the sheriff, and that the jury should find for the defendants.

*Messrs. J. K. Henry* and *Ragsdale & Ragsdale*, for appellants.

*Messrs. H. N. Obear* and *J. E. McDonald*, contra.

April 9, 1890.   The opinion of the court was delivered by

MR. JUSTICE McIVER.   This was an action to recover possession of real estate, and the facts necessary to a proper understanding of the questions involved are substantially as follows : Marion R. Mobley, with her eight children, two of whom were Edward P. Mobley, jr., and Moses H. Mobley, owned as tenants in common, each being entitled to one-ninth, a certain tract of land in the County of Fairfield, containing 3,771 acres.   R. T. Mockbee having recovered a judgment in February, 1884, against

Marion R. Mobley, Edward P. Mobley, jr., and Moses H. Mobley, and issued execution thereon, the sheriff proceeded to levy the same upon the said tract of land, whereupon the Mobleys above named interposed claims of homestead in their undivided interest in said land, and the sheriff undertook to lay off the same to each of the claimants. After deducting the portions thus attempted to be laid off as homestead, there remained of the tract 3,201 acres, upon which the sheriff again levied and sold the same, or rather the interest of the three Mobleys above named therein, under the Mockbee judgment, and at that sale the defendants herein became the purchasers and received titles from the sheriff. This deed does not appear in the "Case," but it is stated therein that it is in the ordinary form and recites the judgment and execution in the case, levy, and sale to defendants of "all that certain piece, parcel, or tract of land situate in the County of Fairfield, containing 3,201 acres, more or less, and bounded by the homestead lands of Mrs. Marion R. Mobley, of M. A. Mobley (doubtless a misprint for M. H. Mobley), and by lands of James Jones" and others named, "and the Camden road."

Soon after this sale proceedings were instituted for the partition of the entire tract of 3,771 acres, in which it was adjudged, amongst other things, that the attempt to lay off the homestead as above stated was a nullity, as that could not be done until after the land had been partitioned and the shares of the parties claiming homesteads had been ascertained and defined. Partition was accordingly ordered, this court saying that there was no objection, however, "to providing in the writ of partition that the commissioners, as far as it is practicable for them to do so, without prejudice to the interests of the other parties interested, in ascertaining what would be the shares of Marion R. Mobley, Edward P. Mobley, jr., and Moses H. Mobley, respectively, shall include therein the whole or such portions thereof as may be necessary to make up their several shares of the portions of the land which the homestead appraisers heretofore have attempted to set off to them respectively as their homesteads. The Patricks having purchased all the interests of the three parties just previously named, subject to levy and sale under execution, will be entitled to receive whatever remains of their respective shares

after their several homesteads therein have been laid off to them respectively." *Mellichamp* v. *Mellichamp*, 28 S. C., 133.

After the remittitur was sent down in that case a writ of partition was issued containing the provision suggested by the Supreme Court, that, if practicable to do so without prejudice to the interests of the other parties, they should include in the shares of the three Mobleys those portions of the land as had been prematurely assigned to them as homesteads. To this writ the commissioners in partition made a return, amongst other things, to the effect that while they had allotted to Edward P. Mobley, jr., and Moses H. Mobley as their homestead the same' portions of land which had been previously attempted to be assigned to them as homesteads, they had not pursued this course with reference to the homestead of Marion R. Mobley, but, on the contrary, had assigned to her as her homestead 80 acres out of the 3,201 acres, and the 121 acres which had previously been attempted to be assigned to her as homestead were included in the portion of the land allotted to the defendants, as the purchaser of her undivided interest over and above her homestead. This return was duly confirmed by an order, consented to by all parties, including the defendants herein, who had been made parties to the action for partition.

In the meantime, however, to wit, on 22d January, 1885, the Merchants' and Farmers' Bank of Charlotte had obtained a judgment against Marion R. Mobley, Edward P. Mobley, jr., and Moses H. Mobley, which was duly entered before the said partition was made, and after it was made the said 121 acres was levied on under the execution issued to enforce the judgment of the Charlotte bank, and sold by the sheriff, at which sale the plaintiff herein became the purchaser, and having received titles from the sheriff brought this action to recover possession of the said 121 acres, then in the possession of the defendants herein.

The case came on for trial before his honor, Judge Pressley, and a jury, who were instructed, substantially, that the defendants, by their purchase at sheriff's sale, acquired no title to the 121 acres in dispute, because all that was sold at that sale was the undivided interests of the three Mobleys, the judgment debtors, in so much of the entire tract of 3,771 acres as remained,

29—32

after taking off therefrom the portions prematurely assigned as homesteads to those three parties, and as the 121 acres now in dispute were included in those portions, it was not sold, and hence defendants acquired no title by that sale to the land now in dispute, but the same remained subject to partition amongst all of the original tenants in common. But that the effect of the partition, when made and confirmed, by which the 121 acres was allotted to the defendants as assignees of the interest of the three Mobleys, as a part of their share, would have been to vest in the defendants the right to the 121 acres, but for the fact that it was then covered by a prior lien in favor of the Charlotte bank to the extent of three undivided ninths thereof (the shares of the three Mobleys), under which lien the said three-ninths was sold and bought by plaintiff, and hence the jury were practically instructed to find that the plaintiff was entitled to three-ninths, and the defendants to the remaining six-ninths of the land in dispute.

The verdict was rendered in accordance with these instructions, and judgment being entered thereon, the defendants appeal upon the several grounds set out in the record, which, as stated in appellants' argument, raise these two issues: "I. That Marion R. Mobley was entitled to a homestead exemption in the 121 acres of land, and that the same in her hands was free from the lien of the judgment of the Merchants' and Farmers' Bank; and this land having been exchanged by her with the defendants for 80 acres of their land in the said partition of Mellichamp *v.* Mellichamp, it passed to the defendants free also from the lien of the said judgment of the Merchants' and Farmers' Bank *v.* Marion R. Mobley, *et al.* 2. That the partition in Mellichamp *v.* Mellichamp dissolved the lien of the judgment of the Merchants' and Farmers' Bank, and the defendants took the land in dispute freed from the lien of this judgment under which the plaintiffs claim title."

It does not appear either from the issues as thus stated, or from any one of the grounds of appeal (which we have not deemed it necessary to copy), that any question is raised as to whether the undivided interests of the three Mobleys in the whole tract of 3,771 acres were sold by the sheriff when the defendant bought, or only their undivided interests in the 3,201

acres, which remained after taking off what was intended to be assigned as homesteads to these three parties. On the contrary, the phraseology of the third ground of appeal seems to assume that defendants only bought the interests of these three parties in the 3,201 acres, and such was undoubtedly the fact, as is shown by the terms of the sheriff's deed, copied above, as well as by the undisputed testimony that at the sheriff's sale a plat, which had been made for the purpose of designating the portions of the 3,771 acres, intended to be laid off as homesteads for these three parties, was exhibited, and the statement made that the sheriff was selling the undivided interests of the three Mobleys in so much of the entire tract as remained after the portions intended for the homesteads were taken off. We think, therefore, that it may be safely considered that the defendants bought nothing at the sheriff's sale but the undivided interests of the three Mobleys in the 3,201 acres, which did not include the 121 acres now in dispute.

Indeed, it was practically the same thing as if there had been two distinct tracts of land, one containing 3,201 acres, and the other 570 acres, and the sheriff had levied on and sold the undivided interests of the three Mobleys in the former tract only, which, of course, would leave their interests in the tract of 570 acres unsold. The fact that the 570 acres embraced all the land which it was intended should be set off as homesteads cannot affect the question, because the attempt to do so having been declared premature and a nullity in the case of Mellichamp *v.* Mellichamp, *supra*, we must look at the case now as if nothing of the kind had ever been attempted. We have, then, a case in which the undivided interests of three of the tenants in common in one tract of land have been sold and bought by the defendants, subject, however, to the homestead claim, and another tract of land in which such undivided interests have not been sold; for it seems to us that the case should be regarded as if there were two distinct tracts of land, especially after the parties had, in fact, cut off the one from the other by the plat hereinbefore mentioned, which was exhibited at the sale by the sheriff.

If, then, the defendants acquired no title to the land now in dispute by virtue of the sheriff's sale, the next inquiry is whether

they acquired title under the proceedings for partition in the case of Mellichamp *v.* Mellichamp. For the purpose of determining this question, we will first consider what would have been the effect of those partition proceedings, if the judgment of the Charlotte bank and the sale thereunder and the effect thereof could be eliminated from the inquiry. Inasmuch as the object of that proceeding was to partition the entire tract of 3,771 acres amongst the parties interested, so as to give each one-ninth thereof (the defendants being entitled to the shares of the three Mobleys above named in the 3,201 acres only, subject, however, to the homesteads of all or any one of the three), it may be that, after the partition was made and confirmed by consent of all parties, that the defendant could be regarded as vested with the interests of all the parties in the 121 acres, although they had not previously acquired any interest therein, upon the theory that it was allotted to them to make their shares of the 3.201 acres equal in value with the others. That is to say, that the court would be justified in assuming that the commissioners in partition finding it impracticable to allot to the defendants their full three-ninths out of the 3,201 acres, instead of providing for the deficiency by requiring the other parties to pay them in money the amount requisite to make up such deficiency, provided that such deficiency should be paid in land; and this arrangement being consented to and confirmed by the order of the court, the effect would be to vest in the defendants title to the 121 acres. This, as we understand it, was the view taken by the Circuit Judge.

But inasmuch as there was a judgment obtained prior to the partition by the Charlotte bank against three of the parties entitled to an undivided interest in the 570 acres, of which the 121 acres now in dispute was a part, it is necessary to inquire what was the effect of that judgment and the sale thereunder after the partition was effected. It is quite clear, that as neither the Charlotte bank nor the plaintiff herein were parties to the case of Mellichamp *v.* Mellichamp, *supra*, they could not be affected by any proceedings therein, except as will be stated presently. It is also well settled that while a judgment against one of several tenants in common in a tract of land, is a lien on the undivided interest of the judgment debtor, which may be enforced by a sale

of such undivided interest, the effect of which is to put the purchaser in the position of assignee of such interest; yet the lien of the judgment is subordinate to the right of the other tenants in common to demand partition, which, when made, transfers the lien to the share of the judgment debtor, when ascertained by a partition in kind, or to his share of the proceeds of the sale, when a sale is ordered for partition; and this is so, whether the judgment creditor is a party to the proceedings for partition or not. *Riley* v. *Gaines* (14 S. C., 454), and the cases therein cited.

From this it follows that the lien of the judgment of the Charlotte bank upon the undivided interest of the three Mobleys in the 570 acres which had not previously been sold, was displaced by the partition proceedings and concentrated upon their individual shares as ascertained by such proceedings, and followed the same into the hands of their assignees, the defendants herein. And as the 121 acres now in dispute were thus ascertained to be a part of their individual shares, when the same were allotted to the defendants as their assignee, they took the land subject to such lien, and when it was sold to enforce the same, the purchaser, the plaintiff herein, took a good title. This view might lead to the conclusion that the plaintiff was entitled to recover the whole of the land instead of only three-ninths thereof; but as the jury were instructed otherwise, to which no exception was taken by the plaintiff, and as judgment had been entered to that effect, it seems too late now to consider the question, as it would be a purely speculative inquiry to do so.

The defendants, however, insist that inasmuch as 80 acres have been taken out of the 3,201 acres for the homestead of Marion R. Mobley, whose undivided interest therein they had bought, and inasmuch as the attempt to compensate them therefor by allotting to them the 121 acres in dispute will now be defeated by the plaintiff's recovery herein, that they are entitled to compensation in some other way, upon the principle cited from 1 Wash. Real Prop., 432, that "where partition has been made by law, such partitioner becomes a guarantor to all the others to the extent of his share, so long as the privity of estate continues between them." But the same writer says, in the very next paragraph,

"This right does not extend to the alienee of one of these tenants, because by such alienation the privity of estate between them and the holder of his share is destroyed." Now, unquestionably, when the plaintiff bought the interests of the three Mobleys at the sheriff's sale, he became their alienee, and the qualification above stated would apply. Even if it should be admitted, that if the defendants, upon eviction from the land now in dispute, would, under the principle above stated, be entitled to recourse upon the other "partitioners," as they are there called, which we are not to be understood as saying, or even intimating, yet we do not see how that could affect the question of the plaintiff's right to recover. He was not one of the "partitioners," and had nothing whatever to do with those proceedings.

We may add, however, that inasmuch as the judgment of the Charlotte bank was of record when the partition was made, the defendants must be presumed to have known that a portion of the land assigned to them on the partition was covered by the lien of that judgment. It must be remembered, that before the partition was made, it had been adjudged that the futile attempt to assign homesteads was a mere nullity, and knowing this, they must be regarded as also knowing that their purchase of the undivided interests of the three Mobleys in the 3,201 acres was subject to the homestead claims of these three parties, and when they consented to the confirmation of the return of the commissioners in partition, in which 80 acres had been taken out of the 3,201 acres as the homestead of Marion R. Mobley, and the 121 acres assigned to them as a substitute therefor, upon which they knew a lien rested, they certainly have no cause of complaint against the plaintiff, or any one else, when they lose by the enforcement of such lien.

The position taken in the first issue, as presented by counsel for appellant in his argument here, that Marion R. Mobley was entitled to a homestead exemption in the 121 acres now in dispute, and the consequences claimed to flow from such position, rest upon the unfounded assumption that there was some force and vitality in the premature and futile attempt to assign homesteads before the partition was made, which, as we have seen, cannot be sustained. She was only entitled to homestead in what-

ever portion of the land should be ascertained to be her share by the partition; and as it was there ascertained that her right of homestead was in the 80 acres assigned to her as such, it cannot be said that she is now, or ever was, entitled to homestead in any other part of the land.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.