### GRAY, SULLIVAN & GRAY v. PUTNAM.

1. HOMESTEAD—COURT OF COMMON PLEAS has no original jurisdiction to set off homestead, but has jurisdiction to adjudicate the right of homestead in a proceeding otherwise properly before it.
2. FINDINGS OF FACT by a Circuit Judge on an appeal from a return of appraisers, in setting off homestead, are final, and cannot be reviewed by this Court.
3. HOMESTEAD.—A plaintiff has a homestead in money paid to the sheriff on his execution, and the sheriff cannot defeat this right by paying the funds on an execution against such plaintiff.
4. IBID.—A judgment debtor has a homestead in money if the head of a family at time of levy.
5. IBID.—WAIVER.—The right to homestead is not waived by failure to demand it.
6. EXECUTION—DEBTOR—SHERIFF.—An execution debtor cannot direct the application of funds paid on execution, under sec. 313 of Code.

Before WATTS, J., Laurens, February, 1897.    Affirmed.

Proceeding on part of W. B. Putnam, defendant, to have homestead set aside to him as against judgment of Gray, Sullivan & Gray, to whose execution the sheriff had applied the proceeds of a judgment in favor of Putnam against one Lanford.  From return of appraisers defendant appealed to Circuit Court.  The Judge set aside the return and ordered a reappraisement.  From this judgment plaintiffs appeal.

*Mr. N. B. Dial,* for appellants, cites: *Defendant not entitled to homesteod because not head of family when judgment obtained:* 23 S. C., 328; 45 S. C., 61.   *Without notice to contrary, sheriff could pay money on execution:* 18 S. C., 242; 14 S. C., 28; 39 S. C., 239.  *Judgment debtor could direct fund:* Code, 313; 17 S. C., 581.

*Messrs. Ferguson & Featherstone* and *F. P. McGowan*, contra, cite: *Residence and head of family only requisites for homestead:* Rev. Stat., 2131; Con. 1895, art. III., sec. 28; 21 S. C., 11; 23 S. C., 316; 49 S. C., 57. *No special notice is required:* 32 S. C., 266; 24 S. C., 426; 20 S. C., 527. *Homestead in money:* 19 S. C., 473.

Nov. 9, 1897. The opinion of the Court was delivered by

MR. JUSTICE JONES. This case comes up on appeal from the judgment of the Circuit Court determining the right of the defendant to a homestead exemption in the proceeds of a judgment in his favor, which had been collected by the sheriff of Laurens County, the defendant claiming such proceeds as a homestead exemption, and the plaintiff claiming so much of said proceeds as necessary to pay a judgment in their favor obtained against the defendant in the cause entitled as above. The evidence offered in the case tended to show these facts: Plaintiff obtained a judgment against defendant for $151.30, in February, 1888, on a debt contracted in 1886, and on October 21st, 1896, caused execution thereon to issue, and lodged the same with the sheriff. In 1889, defendant became and is now the head of a family resident in this State. In October, 1896, defendant obtained a judgment against John Lanford, sr., for $371.55, upon which execution was issued, and lodged with the sheriff, October 15, 1896. On November 2d, 1896, John Lanford paid to the sheriff the amount due by him on the judgment in favor of defendant, and the sheriff made this indorsement on the execution in the case of Putnam *v.* Lanford: "Received on the within execution the sum of $377.30, in full payment of judgment and cost," signing his name thereto as sheriff. On the execution in the case of Gray, Sullivan & Gray *v.* Putnam, the sheriff made this indorsement, signing his name thereto as sheriff: "By virtue of the within execution, I have this the 2d day of November, A, D. 1896, levied on the sum of $236.91, United States currency, which I have this day collected from John Lanford, sr., said money

passing through my hand as sheriff, and is hereby applied to the within execution according to law. Amount applied to this execution, $236.91, November 2d, 1896." For this amount the sheriff gave plaintiffs a check on the bank, November 2d, 1896, taking from the plaintiffs a bond of indemnity, having been cautioned against so applying the money. The sheriff at this time knew the defendant was a resident of the State, had heard of his marriage, and believed defendant to be at the head of the family. Between the 2d and 5th of November, the sheriff wrote to the defendant that the surplus in his hands was subject to defendant's order. Of the money in his hands, the sheriff paid $50 to defendant's attorney in the case of Putnam *v.* Lanford, on the order of defendant. On November 5th, 1896, the defendant filed notice and petition in the usual form with the sheriff, claiming a homestead. The appraisers appointed set off to defendant, as a homestead, one mule, valued at $15, and cash in the sheriff's hands, $30.85. The defendant owned nothing but the mule outside of the proceeds of the Lanford judgment. The defendant excepted to the return of the appraisers, and moved the Circuit Court to set the same aside, claiming that the proceeds of the judgment against Lanford should have been included in the assignment of his homestead. On the hearing before the Circuit Court, in addition to evidence tending to establish the foregoing as facts, the sheriff testified that "when Lanford came to pay the money, he directed me to pay it on the Gray judgment, or so much as was necessary to satisfy the same."

The Circuit Judge found as follows: "It appears from the testimony taken in open Court that the defendant is a resident of this State, and the head of a family, and was so at the time the sheriff undertook to levy on the proceeds of said judgment under execution in the above entitled case. It further appears that said defendant had not at that time sufficient personal property, outside of said Lanford judgment, or the proceeds thereof, to make up his personal pro-

perty exemption of $500. * * * The sheriff had no right to levy on said judgment or its proceeds, whether he had notice of the claim of homestead on the part of defendant or not. His levy, therefore, amounts to nothing, and the proceeds of said judgment are, or should be, in the hands of the sheriff, so that they could be set off to the said defendant as a part of his personal property exemption." He accordingly set aside the return of the appraisers, and appointed new appraisers to reappraise and reassign to the defendant his homestead.

The grounds of appeal are disposed of by announcing the following principles which govern this case: 1st. The Court of Common Pleas has no original jurisdiction to set off a homestead, but it has jurisdiction in a proceeding otherwise properly before it to adjudicate simply the right to homestead. *Munro* v. *Jeter*, 24 S. C., 29; *Bridgers* v. *Howell*, 27 S. C., 425; *Bank* v. *Brice*, 47 S. C., 137; *Ex parte Worley*, 49 S. C., 57. In this case the proceedings were properly before the Court, and all that the Court undertook to do was to determine the defendant's right to a homestead in certain property, and upon good cause shown, to order a reappraisement and reassignment of the homestead by other appraisers appointed by the Court, pursuant to the provisions of sec. 2126, Rev. Stat. 1893.

2d. In a proceeding of this kind, the findings of fact by the Circuit Court are conclusive here, and it is not within the jurisdiction of this Court to review the same or make any original finding of facts.

3d. The main question in the case is, whether defendant, Putnam, is entitled to have the proceeds of the Lanford judgment assigned to him as a homestead exemption in personal property. It is excepted that Putnam is not entitled to a homestead in money. This is clearly untenable since the act of 1880. *Bank* v. *Northrop*, 19 S. C., 473.

It is contended, further, that he was not entitled to a homestead in the proceeds of said judgment because he was

not the head of a family when the debt to plaintiffs was contracted in 1886. The right to a homestead is not tested by the time of the contraction of the debt on which the judgment sought to be enforced was rendered, except when the debt was contracted before the Constitution of 1868. The test in this case is, did the conditions, "head of a family, resident in this State," exist at the time of the levy or attempted levy? The Circuit Court has found that the conditions did exist. *Chafee* v. *Rainey*, 21 S. C., 11; *Rollings* v. *Evans*, 23 S. C., 316.

Again, it is contended that, in the absence of any notice of claim of homestead, the sheriff had the right to pay the money on the plaintiff's judgment. There was no evidence whatever that the defendant knew the sheriff had collected the money on the Lanford judgment until after the attempted application thereof to the plaintiff's judgment. Besides, it is provided in sec. 28, art. 3, of the Constitution of 1895, in force at the time of the attempted levy in this case, "that no waiver shall defeat the right of homestead before assignment, except it be by deed of conveyance, &c.;" and sec. 2130, Rev. Stat.: "No waiver of the right of homestead, however solemn, * * * shall defeat the homestead." The mere failure to give the sheriff notice of the claim of homestead cannot be deemed a waiver of the right or estoppel to assert the right of homestead. *Myers* v. *Ham*, 20 S. C., 526.

It is finally argued that under section 313 of the Code of Procedure the sheriff properly paid the money due on the plaintiff's judgment out of the proceeds of the Lanford judgment, because Lanford directed its application that way. Sec. 313 is as follows: "After the issuing of execution against property, any person indebted to the judgment debtor may pay to the sheriff the amount of his debt, or so much thereof as shall be necessary to satisfy the execution; and the sheriff's receipt shall be a sufficient discharge for the amount so paid." It seems manifest that this provision of the Code has no application to this

case. It is not questioned that the receipt of the sheriff to Lanford discharged Putnam's judgment against Lanford. This would be true without any regard to said section 313. The question is, not whether Lanford's payment discharged the judgment debt due Putnam, but whether Putnam is entitled to a homestead in the money so properly paid to the sheriff. Section 313 has no application to the case of a payment to the sheriff by an execution debtor; for, in such case, it would be senseless to provide that the receipt of the sheriff shall be a sufficient discharge for the amount so paid, since his receipt would discharge the execution debtor without section 313. This section was only designed to give those indebted to the execution debtor on claims not reduced to judgment the right to voluntarily pay the amount due the execution debtor to the sheriff, and to give the sheriff the right to receive and receipt for the same as if payment had been made to the execution debtor. The case of *Isbell* v. *Dunlap & Ward*, 17 S. C., 581, cited by appellant, does not go beyond this. Lanford, in paying his own execution debt, was not voluntarily exercising a privilege allowed by section 313, but was simply discharging a legal duty commanded of him by the Court. He had no power whatever to control or direct the application of the money which he paid by virtue of an execution against him. In this view, we need not consider the point raised in argument whether section 313 is unconstitutional in so far as it may affect or impair the right of homestead. We agree with the Circuit Court that Putnam has the right of homestead in the proceeds of the Lanford judgment.

The judgment of the Circuit Court is affirmed.