## 11444

### BARRON v. ENGLISH

#### (121 S. E., 782)

1. Execution—Cotenants' Estate Subject to Levy and Sale.—The legal estate owned by a tenant in common in real estate is subject to levy and sale, provided the limitations of the homestead law and the right of partition are not invaded.

2. Homestead—Homestead in Lands Owned as Tenants in Common Cannot be Set Off.—A homestead in lands owned by a debtor as tenant in common with others cannot be set off, as it is impossible for the appraisers to obey the mandate of the statute and set it off "by metes and bounds"; the debtor owns no particular part of the land, and the appraisers have no authority to effect a partition among tenants in common.

3. Execution—Cotenant May Have Execution Sale Restrained Until Partition Secured and Homestead Set Off.—If execution creditor attempts to levy on and sell a tenant in common's interest, the latter may have the sale restrained until he can secure a partition and demand that a homestead of his part be set off.

4. Homestead—Remedy Against Judgment Debtor Who is a Tenant in Common With Others.—Where a judgment debtor is a tenant in common with others, judgment creditor has a right to require the Sheriff to proceed under Civ. Code 1922, § 5490, in the appointment of appraisers in homestead, and, if the conditions justify it, to proceed under Section 5492, subject to the prior right of the tenants in common to partition, in which event the judgment creditor's lien will be transferred to the interest set apart to judgment debtor, with protection to his homestead rights.

Before Sease, J., Marion, May, 1923. Affirmed.

Action by J. A. Barron against W. M. English. From an order dismissing a rule to show cause directed to the Sheriff for failure to levy an execution, the plaintiff appeals.

*Messrs. Wallace & Smith,* for appellant, cite: *Right of homestead:* 3 Civ. Code, 1922, Secs. 5490, 5492, 5498; 108 S. C., 333; 89 S. C., 326.

*Mr. John K. Hamblin,* for respondent, cites: *Homestead cannot be set off in lands held in common and not parti-*

*tioned:* 108 S. C., 335; 32 S. C., 454; 99 S. C., 410; 107 S. C., 364.

March 11, 1924.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

The plaintiff heretofore recovered a judgment in the Court of Common Pleas against the defendant, which has been duly entered and upon which execution has been issued and lodged with the Sheriff of Union County.

The defendant owns an undivided interest in a tract of land in said County; his interest, as it is said, exceeding in value the sum of $1,000.00.

The Sheriff having refused to levy and collect the plaintiff's execution upon and out of the defendant's undivided interest, the plaintiff obtained a rule from Hon. T. S. Sease, Circuit Judge, requiring the Sheriff to show cause why he should not make such levy. The Sheriff made return justifying his refusal upon the grounds that the only real estate owned by the defendant was held by him as a tenant in common, that the same had not been petitioned, and that the defendant was entitled to a homestead therein which had not been assigned. Upon hearing the matter upon the Sheriff's return, the Circuit Judge, in a formal order, held that the return was sufficient, and discharged the rule. The plaintiff appeals.

The following principles applicable to the situation have been established:

1. The legal estate owned by a tenant in common in real estate is subject to levy and sale, provided the limitations of the homestead law and the right of partition are not invaded: *Holley v. Glover,* 36 S. C., 404; 15 S. E., 605; 16 L. R. A., 776; 31 Am. St. Rep., 883.

2. A homestead in lands owned by a debtor as tenant in common with others cannot be set off, for the reason that it is impossible for the appraisers in home-

stead to obey the mandate of the statute and set it off "by metes and bounds," and because the debtor owns no particular part of the land and the appraisers have no authority to effect a partition among the tenants in common. *Nixon v. Spann,* 108 S. C., 329; 94 S. E., 531. *Nance v. Hill,* 26 S. C., 227; 1 S. E., 897. *Mellichamp v. Mellichamp,* 28 S. C., 125; 5 S. E., 333. *Ketchin v. Patrick,* 32 S. C., 443; 11 S. E., 301. *Ex parte Beaty,* 107 S. C., 364; 92 S. E., 1052.

3. If the execution creditor should attempt to make levy and sale upon and of the tenant in common's interest, the tenant in common would have the right to have the sale restrained until he could have an opportunity by partition to have his share ascertained and set apart to him, in which he might then demand that a homestead be set off to him. *Nance v. Hill,* 26 S. C., 227; 1 S. E., 897. *Mellichamp v. Mellichamp,* 28 S. C., 125; 5 S. E., 333. *Ketchin v. Patrick,* 32 S. C., 443; 11 S. E., 301. *Lumber Company v. Lumber Company,* 84 S. C., 505; 66 S. E., 124, 877.

While these considerations are sufficient to sustain the order discharging the rule, we repeat what was said in the case of *Ex parte Beaty,* 107 S. C., 364; 92 S. E., 1052:

"Nevertheless a judgment creditor ought not to have his hands permanently tied towards collecting his debt by a proper process and procedure, nor shall the Circuit order so tie them. The statutes prescribe how a creditor may proceed against a homestead debtor, and these judgment creditors may yet so proceed."

The plaintiff has the right to require the Sheriff to proceed under Section 5490, Vol. 3, Code of 1922, in the appointment of appraisers in homestead, and, if the conditions justify it, to proceed under Section 5492, subject to the prior right of the tenants in common to partition, in which event the plaintiff's lien will be transferred to the interest set apart to the defendant, with protection

to his homestead rights.    It may be that the plaintiff would have the right to force a partition among the tenants in common by a separate action, in order to subject the ascertained interest of the defendant to his judgment.    It is certain, at any rate, that, if the defendant owns an interest in real estate worth more than his homestead exemption, he will not find favor with the Court in evading the application of the surplus to his debts.

The judgment of this Court is that the order appealed from be affirmed without prejudice to any right the plaintiff may have to subject the interest of the defendant to the payment of his judgment.

MESSRS. JUSTICES WATTS, FRASER and MARION concur.

MR. CHIEF JUSTICE GARY did not participate.