14456

EADDY v. WALL, SHERIFF
GILLAND v. LISTON *ET AL.*

(190 S. E., 497)

May, 1936.

Mr. *J. D. Gilland,* for appellant,

Mr. *Norval N. Newell*, for respondent,

March 24, 1937.

The opinion of the Court was delivered by MR. CHIEF JUSTICE STABLER.

The following facts appear: On October 23, 1929, J. D. Gilland obtained a judgment against S. W. Ackerman and J. J. Liston in the sum of $224.75. On that date Ackerman, as tenant in common, owned a one-half interest in a tract of land consisting of 1,582 acres, which he and another had purchased from one J. C. Watkins for $37,000.00; of this amount $5,000.00 had been paid, and the balance, $32,-000.00, was secured by a purchase-money mortgage. This mortgage was subsequently foreclosed—J. D. Gilland being a party defendant to the action—and the property was bought by the mortgagee at the sale for less than the amount of the indebtedness then due. The only other property owned by Ackerman at the time of the judgment was obtained was two lots in the town of Johnsonville, of the value of $150.00. He later sold these lots to one J. W. Hanna; and Hanna, for the consideration of $150.00, conveyed them, on March 6, 1935, to Mrs. Watson S. Eaddy, who later built a dwelling house thereon.

On the date the judgment in question was filed, execution was lodged with the sheriff of Florence County, but it appears that nothing was attempted to be done until after Mrs. Eaddy came into possession of the lots. Levy then being threatened by W. R. Wall, as sheriff of Florence County, this proceeding in equity, in which injunctive relief was sought, was commenced by Mrs. Eaddy on May 22, 1936. On her verified petition, in which she alleged that the judgment was not a valid lien on the lots for the reason that their value of $150.00 was less than the judgment debtor's homestead exemption of $1,000.00, his Honor, Judge Stoll, issued a rule requiring Wall to show cause why he should not be permanently enjoined from making such levy; and in the meantime restrained him from proceeding in the matter. The sheriff made return to the rule, and J. D. Gilland appeared and filed an affidavit. The petitioner also submitted an

affidavit made by S. W. Ackerman. Judge Stoll found and held, on the hearing before him, that the judgment debtor was entitled to the homestead as claimed, and ordered that W. R. Wall, as sheriff of Florence County, be "permanently enjoined and restrained from levying upon the said lots under any execution or judgment lien against S. W. Ackerman." This appeal followed.

It is not disputed that Ackerman, as the head of a family, was entitled to a homestead; that the lots in question were valued at $150.00; and that the judgment debtor owned no other property except a one-half interest as tenant in common in a tract of land of 1,582 acres. The appellant contends that Judge Stoll, with these facts before him, erred in holding that these lots were all the real estate out of which homestead could be set off to S. W. Ackerman; the argument being that Ackerman could have been assigned a homestead in the large tract of land regardless of the tenancy in common.

As this ruling of the Circuit Judge is fully sustained by our decisions, we find no error as complained of. In *Barron v. English*, 128 S. C., 332, 121 S. E., 782, 783, where a similar question was presented, the Court stated the following as one of the principles applicable to the situation: "A homestead in lands owned by a debtor as tenant in common with others cannot be set off, for the reason that it is impossible for the appraisers in homestead to obey the mandate of the statute and set it off 'by metes and bounds,' [Code 1932, § 9085] and because the debtor owns no particular part of the land and the appraisers have no authority to effect a partition among the tenants in common. *Nixon Grocery Co. v. Spann*, 108 S. C., 329, 94 S. E., 531; *Nance v. Hill*, 26 S. C., 227, 1 S. E., 897; *Mellichamp v. Mellichamp*, 28 S. C., 125, 5 S. E., 333; *Ketchin v. Patrick*, 32 S. C., 442, 11 S. E., 301; *Ex parte Beaty*, 107 S. C., 364, 92 S. E., 1052."

Furthermore, in the case at bar, as we have seen, and as stated by Judge Stoll in his order, the interest of Ackerman as tenant in common in the tract of land named "was at all times subject to a large purchase money mortgage, which mortgage was subsequently foreclosed and the premises bought in at foreclosure sale by the mortgagee for less than the amount due, J. D. Gilland being a party defendant to the foreclosure action." See Section 28 of Article 3 of the Constitution of 1895.

It is also contended that the Court below committed error in holding that the lots in question were exempt from levy and that, therefore, the judgment relied on by Gilland was never a lien upon such real estate; and in not holding that Ackerman waived his right to assert his claim of homestead in these lots by his voluntary conveyance of them to Hanna, the petitioner's predecessor in title.

These contentions are clearly without merit. As we have indicated above, and as is disclosed by the undisputed facts, these lots, of a value admittedly less than $1,000.00, were the only real estate owned by Ackerman that could be assigned him as a homestead; and while not set off to him in metes and bounds, this Court has repeatedly held that it is not necessary for a homestead to be actually so set off in order to be exempt from levy and sale; and that the judgment debtor may make a valid conveyance of such land to a third party, whether it has been admeasured and set off as a homestead or not. See *Cantrell v. Fowler,* 24 S. C., 424; *Ketchin v. McCarley,* 26 S. C., 1, 11 S. E., 1099, 4 Am. St. Rep., 674; *Ex parte Miley,* 73 S. C., 325, 53 S. E., 535, and other decisions to that effect.

In *Cantrell v. Fowler, supra,* it was said:

"The judgment under which defendants claim, even if valid, could have had no lien upon any property of the judgment debtor which was exempt from levy and sale under the homestead laws; and if, as the evidence tended to show, the property here in question was so exempt, the

judgment was no lien upon it, and there could be no valid levy or sale of it under execution.

"Now, if the judgment was no lien upon this property while it was in the possession of Ravan, because it was exempt under the homestead laws, and if, as has been held, a judgment debtor can sell or mortgage his homestead, then it follows that the judgment never could be a lien upon the property in dispute, for as soon as it was conveyed to the plaintiff it became his property, and as such of course not subject to the lien of a judgment against another person; for if, as we have seen, there was no lien upon it at the time of the sale to the plaintiff, then, of course, the plaintiff took his title free from any lien. The fact that the homestead had not been admeasured and set off, is a matter of no consequence. That is intended merely to designate what is exempt, and does not affect the right of exemption which is guaranteed by the constitution and laws passed in pursuance thereof."

As to the question of waiver, as here raised, in addition to what is said above, see especially *Ex parte Miley, supra,* and *Gray v. Putnam,* 51 S. C., 97, 28 S. E., 149.

Counsel for appellant has cited a number of cases in support of the several positions taken by him. An examination of these decisions, however, discloses that they are not controlling under the facts of this case.

The order appealed from is affirmed.

MESSRS. JUSTICES CARTER, BONHAM, BAKER, and FISHBURNE concur.