## *EX PARTE* BROWN.

1. HOMESTEAD—CIRCUIT COURT.—The Circuit Court is without original jurisdiction in the matter of assignment of homestead, but under exceptions to an assignment made by appraisers appointed by the clerk of court, the Circuit Court may determine the claimant's right to a homestead, whether the clerk can pass judicially upon this question or not. But it would seem that he cannot.

2.  HOMESTEAD—WIDOW OWNING LANDS.—A widow is entitled to a homestead
    in her deceased husband's lands, as against his creditors, notwithstanding
    she and her children respectively possess in their own right real estate of
    greater value than the homestead exemption.

Before HUDSON, J., Darlington, November, 1890.

This was a petition to the clerk of court by M. A. Brown to
have a homestead allotted to her out of the estate of her de-
ceased husband, W. H. Brown. Due notice was published and
appraisers appointed, who made return, setting aside to peti-
tioner a tract of land of her deceased husband, valued by them
at $480, and personal property of the value of $499.50. Excep-
tions were filed by T. W. Williamson, and came on to be heard
by the Circuit Judge on the record and the following agreed
statement of facts:

1. That Mrs. M. A. Brown, widow of the said W. H. Brown,
deceased, is owner in fee now, and before the contracting of the
debt of her late husband, W. H. Brown, with the said T. W.
Williamson, of real property in the town of Florence, consisting
of a house and lot, and a vacant lot adjacent thereto, appraised
at two thousand and fifty ($2,050) dollars, purchased from her
husband, W. H. Brown, of date January 2, 1886, in consider-
ation of the sum of $1,045, and in the further consideration of
love and affection.

2. That under the will of their grand-father, Major Brown,
the children of W. H. Brown and M. A. Brown, petitioners,
are now owners and possessors in fee of certain valuable real
estate in Darlington County, containing one thousand acres of
land, and worth about the sum of five thousand dollars, the
same having been derived under the will aforesaid, after a life
estate to W. H. Brown, which has terminated.

3. That T. W. Williamson, the claimant before named, con-
tracted with the said W. H. Brown, on the 11th day of June,
1887, by a loan of $390.50 to said Brown, who executed his
promissory note to said Williamson for said amount, which is
not paid.

4. That the children of the said W. H. and M. A. Brown,
before mentioned, have recently sold their interest in said lands,

derived as legatees of the said will, to their mother, M. A. Brown, during the term of her natural life.

5. That all of the said children are over the age of twenty-one years, except two, who are over the age of fourteen years; and that five out of the seven children are unmarried, and reside with their mother.

The Circuit Judge, by a short and formal order, sustained the creditor's exception as to the realty, but in other respect confirmed the return. Thereupon the petitioner, M. A. Brown, appealed to this court.

*Messrs. Johnson & Hursey,* for appellant.

*Messrs. J. P. McNeill* and *W. A. Brunson,* contra.

September 22, 1892. The opinion of the court was delivered by

MR. JUSTICE POPE. This appeal from the order made by his honor, Judge Hudson, at Darlington, in the Court of Common Pleas, on the 7th day of November, 1890, wherein he set aside the return of commissioners who had been appointed by the clerk of the Court of Common Pleas for Darlington County. to appraise and admeasure to the petitioner, as the widow of one W. H. Brown, deceased, a homestead exemption out of the land of her husband, the said W. H. Brown, in said county, on her petition to said clerk therefor, is made upon three grounds, to wit: *1.* Because his honor erred in holding that he had jurisdiction to hear and determine the right of petitioner in the homestead claimed, and to set aside the appraisement or admeasurement, when it was submitted that the right to the exemption had been and was adjudicated by the clerk of court, who ordered the homestead appraised, admeasured, and set off. *2.* Because his honor, the presiding judge, erred in holding that petitioner was not entitled to a homestead exemption in the lands of W. H. Brown, the husband of M. A. Brown, the petitioner, for the reason that she and her children have a separate estate in their own right. *3.* Because his honor erred in not confirming the return of the appraisers,.

setting off and admeasuring a homestead to the petitioner out of the lands of W. H. Brown.

We will now consider the matters here suggested. The question as to the jurisdiction of the Circuit Court, so far as setting in motion the machinery provided by the laws of this State for the appointment of commissioners, in the first instance, to appraise and admeasure homestead, is no longer an open question. This court, in the case of *Myers* v. *Ham*, 20 S. C., 522, held that "the right of homestead is a statutory right, or, rather, a constitutional right, to be enforced by statutory proceedings. Under the statutes, upon the subject of homestead, the Circuit Court is without original jurisdiction therein. Such jurisdiction has not been conferred upon this court, either on its law or equity side. The act of force in reference to homesteads prescribes the mode of obtaining it in clear and distinct terms, and provides the necessary machinery to that end, suited to all cases where the right has attached, whether it be in a debtor himself with mesne or final process impending, or whether it be in his widow or children. Where a right is provided by statute, to be enforced in a prescribed mode, no other can be resorted to. The mode prescribed is exclusive. *Ex parte Lewie*, 17 S. C., 156; *Howze* v. *Howze*, 2 *Id.*, 229."

While, therefore, the Circuit Court is thus denied original jurisdiction in these matters, yet by the very section of the General Statutes which provides this exclusive mode (section 2002) it is required, in order to complete the settlement of this right, even where no complaint is made by a creditor or other person interested, that the return of the commissioners shall be confirmed by the Circuit Court at its next ensuing term thereafter. And, further, that "if exceptions to such appraisement and return be filed by any person interested therein within the said period of thirty days after filing the return of said appraisers, the Circuit Court, upon good cause being shown, may order a reappraisement and assignment by other appraisers to be appointed by the court." Does this power confided to the Circuit Court include the additional power of passing upon the question whether, under the Constitution and statutes of this

State, a claimant is entitled to the right of homestead? It will be observed that by this section (2002 of the General Statutes), it is only when the claimant or petitioner *"shall be entitled* to an estate or right of homestead" that the petition is to be filed with the master or clerk of court; and there is no express requirement that such officer shall pass judicially upon the question whether the petitioner is so entitled, before issuing the notice to be published in the newspapers, or issuing an appointment to the three commissioners to appraise and assign the homestead.

This question does not appear to have been made in the case of *Ex parte Ray,* 20 S. C., 246, although the petition in that case was addressed to the master, and the representative of creditors filed objections *that were overruled by the master,* and commissioners afterwards appointed by him. But, in addition, this court, in the case of *Ex parte Ellis,* 20 S. C., 346, very plainly intimates that the time for creditors to file their exceptions is within the thirty days after the return has been made by the commissioners to the clerk of court. "All that is required is that the exceptions shall be filed within thirty days after the filing of the return of the appraisers originally appointed. Where the appellant made his application to have his homestead assigned to him, he knew, or ought to have known, as the act is very plain, that he had inaugurated a proceeding which could not become final or effectual until his creditors had had an opportunity to file exceptions, and that he could not take the final step necessary to perfect his right, for the protection of which such proceedings had been inaugurated by him, until after the expiration of the time allowed for filing exceptions, or until the exceptions, if filed, had been disposed of." In this last case, it must be admitted that the exceptions related to the appointment of new commissioners. In the section 2002, no provision is made for a creditor or other person interested, either to make or to be heard on exceptions before the master or clerk. But, looking at all these matters, we are not prepared to say that the clerk or master must judicially pass upon the right to homestead. It is opposed to reason to say the clerk must act judicially with only one party to a controversy before him. Such a construc-

24—37

tion of the act is not necessary to the petitioner's right of homestead, and the language of the act does not require it. Courts must liberally construe statutes that the civilized world, with one acclaim, extol as just and humane, but such tribunals will never willingly lend themselves to the adoption of a policy where fair play is denied either or both sides to a controversy.

Be this as it may, however, and grant, for the sake of the argument, that the master or clerk of court does pass judicially upon the right of homestead before he issues the writ or process to the commissioners, why cannot the legislature, in the broad discretion of section 32, of article II., of the Constitution, as amended, provide the thirty days for creditors or others to present their objections, of every class, to the laying off the homestead? It was in their power, and we think they have done so. Where would the power to investigate the right of a party to claim a homestead be lodged? If in the master or clerk, and jurisdiction is denied the Circuit Court to examine the correctness of the master or clerk in adjudging such right, or its denial, how could the Supreme Court obtain jurisdiction? For it is well recognized law that upon appeals heard by the last mentioned court, on the law side, it is confined to questions of law ruled upon by the Circuit Court. It seems to us that when the legislature prescribed that in canvassing the return, the Circuit Court should, for good cause shown, set aside the appraisement and appoint new commissioners, it only meant that such should be the line of duty of the Circuit Court in that particular, and did not mean to deny the higher duty of ascertaining the existence of the right to homestead in the petitioner.

The main question yet remains. Did the Circuit Judge err in denying the widow the right to which she claimed that she was entitled? We think he did, and we will briefly state our reasons for this conclusion. The 32d section of art. II. of the State Constitution, as amended, is very free from any difficulty, and section 2002 of the General Statutes is likewise very plain. And they ought to be so. Why should there be a failure to make plain something that is so important to the people of this commonwealth. There is no suggestion that, if a wife or widow and her children have an

estate of their own, a home shall not be vouchsafed to them from the land owned by the husband and the father. This right of homestead in this land existed before this debt of Mr. Williamson was contracted. It is a part of the husband's duty to his wife, and of a father to his children, out of his own means and labor, to provide for their care and maintenance, without any regard to the estate each party may have derived from other sources than himself. Besides, it is now the settled law in this State that there is no such thing as an estate of homestead, and that the title to the property is not affected by the admission and enforcement of the right of homestead therein. *Elliott* v. *Mackorell,* 19 S. C., 242; *Ex parte Ray,* 20 *Id.,* 246. And no matter what may be the force of the argument of the respondent that, by the enforcement of the right of homestead in this particular case, where it is alleged the widow and children hold, in their own rights, respectively, estates of considerable value, the little that is left of Brown's estate for his creditors is swept away and given to others already well to do in this world's goods, inasmuch as the law-making power in this State has placed no restrictions on the right of homestead in such cases, this court, of its own motion, or in adjudging what they might regard as, or what ought to be, the law, is powerless to add to the law itself. It follows, therefore, that so much of the order as is appealed from should be reversed.

It is the judgment of this court that the judgment of the Circuit Court appealed from be reversed.