THE PEOPLE'S BANK v. BRICE.

1. TWO-FUND—EQUITY—MORTGAGE—JUDGMENT—HOMESTEAD.— Under the Constitution of 1868, under the two-fund rule, a junior judgment creditor has the right to compel a senior mortgagee to first exhaust the homestead, and that, too, when the judgment debtor has other lands than those covered by the mortgage.
2. HOMESTEAD—JURISDICTION.—The mode of setting off homestead is exclusive, and the Circuit Court has no original jurisdiction to set off a homestead, but may adjudicate the *right* of a party to a homestead in a proceeding already properly before the Court.
3. HOMESTEAD.—It is not proper to adjudicate the right of defendant to homestead in this case.

Before TOWNSEND, J., Winnsboro, October, 1895. Modified.

Action by the People's Bank against Thos. S. Brice and John R. Craig, as assignee of Calvin Brice, survivor of Calvin Brice Co., for foreclosure. From the decree of the Circuit Court giving the defendant, Brice, a homestead in the mortgaged premises, as against the junior judgment owned by Craig, assignee, the defendant, Craig, assignee, appeals.

*Mr. Jas. G. McCants*, for appellant, cites: 1 Story Eq., 633, *et seq.;* 18 S. C., 431; Adams Eq., 3 Amer. ed., *272; 14 A. & E. Ency., 686; 2 Leading Cases in Equity, part 1, 228, 265; 33 S. C., 142; 39 S. C., 237; 40 S. C., 187; 41 S. C., 37; 42 S. C., 424; 19 S. C., 238; Thomp. on Hom., 657; 17 N. J. Eq., 504.

*Messrs. J. E. McDonald* and *J. K. Henry*, contra, filed no argument when case was submitted.

July 13, 1896. The opinion of the Court was delivered by

MR. JUSTICE JONES. This is an action to foreclose a mortgage against the defendant, Thomas S. Brice, on 1,400 acres of land in Fairfield County. The complaint, among other things, alleged "that the defendant, Craig, as assignee, has, or claims to have, an interest in or lien upon said tract

of land, as a judgment creditor of the defendant, Thomas S. Brice; but the plaintiff alleges that the lien of such judgment is subsequent to that of the mortgage held by it." The defendant, Craig, assignee, answered, setting up his judgment, interposed no objection to the foreclosure and sale of the premises, provided the mortgage be legally established, and demanded that his judgment lien, set forth in his answer, be paid according to its rank and priority. The defendant, Thomas S. Brice, made no answer. So that upon the pleadings, after the establishment of the alleged liens upon the premises, a decree for the sale of the premises and application of the proceeds to the payment of the liens according to priority, was proper. It appears, however, that on the reference to ascertain the amount due on the alleged liens, the attorneys for the parties agreed that the question as to the right of Thomas S. Brice to a homestead be settled in this case as between the parties thereto. To this end it was admitted that at the time of the execution of the mortgage, the defendant, Thomas S. Brice, was, and now is, the head of a family residing on said 1,400 acres described in the mortgage, owning also 800 acres of land adjoining, and that no other judgment exists against the defendant, Thomas S. Brice, in Fairfield County, except the one above. This agreement and these admissions were reported by the referee as special matter for the determination of the Court. The mortgage was executed November 12th, 1888, and the amount ascertained to be due thereon is $2,119.93, with interest from September 20th, 1895, the date of the report. The judgment against Thomas S. Brice was obtained October 6th, 1893, for $2,060.62, besides $16.15 costs, and the whole amount, with interest from October 6th, 1893, was ascertained to be due thereon. This case was heard by his Honor, Judge D. A. Townsend, on the 25th of October, 1895. On the trial it was contended on behalf of the judgment creditor, that under the two-fund rule the plaintiff should be made to exhaust the homestead of Thomas S. Brice in the 1,400 acre tract before going on

the surplus of said tract over the homestead. His Honor, while recognizing the two-fund doctrine as applied in *Bank* v. *Harbin*, 18 S. C., 431, nevertheless held that, inasmuch as the judgment creditor had a lien on the 800 acre tract as well.as on the surplus over the homestead in the 1,400 acre tract, this fact deprived him of his equity to compel the plaintiff to first exhaust the defendant's, Brice's, homestead in the 1,400 acre tract. He accordingly decreed that the defendant, Brice, is entitled to his homestead in the 1,400 acre tract as against the judgment creditor, and ordered the clerk of the court to cause to be laid off in the manner required by law a homestead for the defendant, Thomas S. Brice, in the mortgaged premises, including the house in which he resides, to the value of $1,000; and it was further provided that the homestead commissioners divide the remainder of the premises into such tracts, not less than two, as in their judgment will cause said lands to bring the highest price at sale. The clerk was ordered to sell the tract laid off as homestead last, and only in the event the other tracts fail to bring sufficient to pay the costs of the action and the plaintiff's mortgage debt. In the event of a balance remaining of the proceeds of the sale of the tracts other than that to be laid off as a homestead, that balance only was ordered to be applied to the judgment in favor of defendant, Craig, assignee, after the payment of the cost of the action and the plaintiff's mortgage debt. The appellant, Craig, assignee, challenges these rulings of his Honor in numerous exceptions, which it is unnecessary to set out and consider in detail.

It will be observed that this question arises under the Constitution of 1868, in force at the time of the circuit decree.

It is clear beyond controversy that the defendant, Thomas S. Brice, has elected to take his homestead in the 1,400 acre tract sought to be foreclosed in this case; that the junior judgment creditor, Craig, assignee, has the right to compel the plaintiff to first exhaust that homestead, which is subject to the lien of the mortgage, and is

not subject to the lien of the judgment, under the two-fund rule in equity. *Bank* v. *Harbin, supra; Bowen* v. *Barksdale,* 33 S. C., 151; *Craig* v. *Miller,* 41 S. C., 48; *Association* v. *Mayfield,* 42 S. C., 426. The fact that the defendant, Brice, owns 800 acres of land additional to and adjoining the mortgaged premises, cannot deprive the judgment creditor of this equity. This equity depends upon the fact that the mortgage creditor, without injury or delay to himself, has power and opportunity to make his debt, or part of it, out of property voluntarily pledged by the debtor for that purpose, which property the judgment creditor cannot reach. Hence the existence of other property not subject to the mortgage is not a relevant fact. The judgment creditor has no option to designate out of what property subject to the judgment the judgment debt shall be made. There was error, therefore, in adjudging that defendant, Brice, had a right to a homestead in the 1,400 acre tract as against the judgment debtor, Craig, as assignee.

The Circuit Court also erred in undertaking to provide in its decree for the admeasurement of a homestead for the defendant, Brice, in this 1,400 acre tract. The mode of setting off homestead is expressly regulated by statute, sections 2126 and 2134, Civil Stat. 1893. This mode of setting off homesteads is exclusive, and the Circuit Court has no original jurisdiction of a proceeding to set off a homestead. *Myers* v. *Ham.,* 20 S. C., 527; *Scruggs* v. *Foot,* 19 S. C., 279; *Bridges* v. *Howell,* 27 S. C., 425. The Court of Common Pleas has jurisdiction "to determine simply *the right* to homestead where, in the course of some proceeding properly before the Court, it becomes necessary to adjudicate *the right* of homestead, leaving the party to enforce such right by a proper proceeding before the appropriate tribunal." *Bridges* v. *Howell, supra; Munro* v. *Jeter,* 24 S. C., 29.

Was it necessary in this case to adjudicate the defendant's, Brice's, right to a homestead in the 1,400 acres tract? Certainly the pleadings in the case did not require

3   it.   Did the agreement of counsel make it requisite?

That agreement (waiving any question of the regularity of the proceeding) was "that the question as to the right of homestead be settled in this case as between the parties thereto," but this was coupled with the admission that defendant, Brice, owned 800 acres of land adjoining the mortgaged premises.   As to what land was it agreed that the homestead right of defendant, Brice, should be settled?   In what land has defendant, Brice, elected to take his homestead?   The record before us does not disclose with sufficient certainty.   If he elects, or has elected, to take his homestead in the 1,400 acre tract embraced in the mortgage, and such homestead is, as in that event it must be, exhausted in the payment of plaintiff's mortgage, then, of course, he will be precluded from hereafter taking homestead in any other land, since there cannot be two homesteads.   In view of these circumstances, we think it is improper to have Brice's right in a homestead in the 1,400 acre tract adjudged in this case, especially since the rights of both plaintiff and the defendant assignee may be preserved without so doing.

The plaintiff is entitled to a decree for the sale of the mortgaged premises, and the application of the proceeds of the sale to the costs of this action, and to the mortgage debt.   The defendant, Craig, as assignee, after the payment of said costs and mortgage debt, is entitled to have the balance of the proceeds, or so much thereof as may be necessary, applied to the payment of his judgment, and then, if there remain any balance from the proceeds of sale, the same should be paid to the defendant, Thomas S. Brice.

It is the judgment of this Court, that the judgment of the Circuit Court be modified in accordance with the principles herein announced, and that this case be remanded to the Circuit Court for such further proceedings as may be proper to carry out the views of this Court, without prejudice to the rights of the defendant, Thomas S. Brice, to apply before any proper tribunal for the assignment and admeasurement of a homestead, as he may be advised.