## 13340

*In Re.* BRANDENBURG

C. D. KENNY CO. v. BRANDENBURG

(162 S. E., 432)

*Mr. C. E. Clay,* for appellants,

January 29, 1932.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE JOHN I. COSGROVE.

This proceeding was commenced by petition of appellant, presented to Associate Justice Stabler, praying that a writ of mandamus be issued directing the sheriff of Calhoun County to set off to him homestead in certain personal property levied on by the sheriff under an execution upon a judgment in favor of respondent, C. D. Kenny Company, against Joe Brandenburg, trading as the City Market.

The petition alleged that the property seized was of the value of $196.00; that no part of the judgment debt was incurred in the purchase or improvement of the seized property; that petitioner was a married man and not possessed of personal property to the value of $500.00, including the seized property; that after the levy appellant nominated an appraiser, tendered to the sheriff the rent and taxes constituting liens on the property, and demanded that his home-

stead be set off; and that the sheriff refused the tender and failed and refused to set off the homestead claimed.

Upon this petition, Justice Stabler ordered the sheriff to show cause before Circuit Judge Grimball, presiding in the First Circuit, why the writ of mandamus should not issue, and in the meantime enjoined the sheriff from proceeding to sell the seized property.

In his return, the sheriff took the position that mandamus would not issue to require him to set off homestead because his duties in that regard became ministerial only after the Court had adjudged the claimant to be entitled to homestead in the property levied on. His return admitted appellant's right to a homestead of $500.00 in personalty, but denied the allegations of the petition that no part of the judgment debt was incurred in the purchase or improvement of the property levied upon. He claimed, in addition, that the judgment was upon a debt of a partnership of which appellant was a partner, and that the property levied on was property of the partnership, in which appellant had no homestead exemption as to a creditor of the partnership.

The matter was heard by Judge Grimball upon the petition and return. He passed an order refusing the writ of mandamus, vacating and rescinding the temporary restraining order of Justice Stabler, and appointing a special referee to hear and determine all matters of law and fact as to appellant's right of homestead in the seized property. Finding that the property was perishable, he directed that it be advertised and sold according to law by the sheriff, the taxes and rent constituting liens thereon paid from the proceeds, and the balance held until the further order of the Court.

The pivotal question herein is whether a writ of mandamus, directed to a sheriff, may issue to require his compliance with Section 5495 of the Civil Code, upon his refusal to follow the procedure therein prescribed on demand of the execution debtor claiming homestead, where such

debtor's right to the homestead claimed is disputed by creditors.

Section 5495, in part provides: "The personal property of the head of any family residing in this State, whether entitled to a homestead exemption (in lands?) or not, to the extent of five hundred dollars, shall be exempt from attachment, levy or sale. * * * In case the right of such exemption he disputed by the creditors, the officer in whose hands the process is lodged shall cause the same to be ascertained and appraised, subject to the right of either creditor or debtor to except to the same, as provided by law; and all exempted property, so ascertained and appraised, by appraisers appointed and sworn for that purpose, and the return of which has been duly made, filed and recorded, as provided in Sections 1 and 2 (Sections 5490 and 5491 of the 1922 Civil Code), shall vest absolutely in the party, freed from all debts of the debtor then existing or thereafter contracted, whether such debtor retain or sell the property."

*Ex parte Brown*, 37 S. C., 181, 15 S. E., 926, decided that the issue of the debtor's right to the homestead claimed is properly raised and presented to the Circuit Court by exception to the return of the appraisers, taken and filed in accordance with the statute.

The Circuit Court has no original jurisdiction of a proceeding to set off homestead, and the machinery and procedure prescribed by the statute are exclusive. *Myers v. Ham*, 20 S. C., 522; *People's Bank v. Brice*, 47 S. C., 134, 137, 24 S. E., 1038; *Gray v. Putnam*, 51 S. Ct., 97, 100, 28 S. E., 149. The Court of Common Pleas may determine simply the right to homestead where, in the course of some proceeding properly before the Court, it becomes necessary to adjudicate that right, leaving the party to enforce such right by a proper proceeding before the appropriate tribunal. *People's Bank v. Brice, supra,* and cases cited therein.

"The act of force in reference to homesteads prescribes the mode of obtaining it in clear and distinct terms, and provides the necessary machinery to that end, suited to all cases where the right has attached, whether it be in a debtor himself, with mesne or final process impending or otherwise, or whether it be in his widow or children. Where a right is provided by statute, to be enforced in a prescribed mode, no other can be resorted to. The mode prescribed is exclusive." *Myers v. Ham, supra; Ex parte Brown, supra.*

Although respondent has argued to the contrary, the duties of the sheriff under Section 5495, and the sections incorporated therein by reference, are neither discretionary or *quasi* judicial. On the contrary, they are purely ministerial, and mandamus will issue to compel the performance thereof.

"It is very clear that mandamus will lie to compel the performance of some specific duty imposed by law, of a ministerial character, and in which the relator has a legal interest." *State v. Lancaster,* 46 S. C., 282, 289, 24 S. E., 198, 201.

The allegations of the petition, admitted by the return, warranted the issuance of the writ as prayed.

The dispute as to the debtor's right to the homestead claimed does not affect the application of Section 5495. In fact, its provisions as to ascertainment and appraisal are prescribed expressly for cases in which the right to the homestead claimed is disputed by the creditors. This disputed issue, as has been shown, may properly be brought before the Court only upon exception to the return of the appraisers. No other mode is provided for the trial of this issue in a direct proceeding to set off homestead.

It follows, therefore, that the writ should have issued directing the sheriff to follow Section 5495, and that the Court erred in denying the writ, referring the issue of the right to homestead to a referee, and in ordering the immediate sale of the property.

The issue as to appellant's right to a homestead claimed, in the property involved and as against the particular debt, was not passed upon by the Court below, and is not involved or decided in this appeal. The disposition of the appeal is without prejudice to the rights of the parties on this question.

It is the judgment of this Court that the order of the Circuit Judge be, and the same is hereby, reversed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and CARTER concur.

MR. JUSTICE COTHRAN did not participate on account of illness.