### THE BANK OF COLUMBIA v. GIBBES.

HOMESTEAD.—A LIFE ESTATE in real property is the subject of homestead exemption, and the value of such estate, and not the value of a fee simple estate in the same property, must be taken as the basis of appraising the exemption. *Elliott* v. *Mackorell,* 19 S. C., 243; *Ex parte Ray,* 20 S. C., 249; *Munro* v. *Jeter,* 24 S. C., 36; *Carolina Savings Bank* v. *Evans,* 28 S. C., 521, explained.

Before TOWNSEND, J., Richland, May, 1898. Affirmed.

Application by Mrs. Caroline S. Gibbes for homestead against judgment obtained against her in the Bank of Columbia *v.* J. Wilson Gibbes and Mrs. Caroline Gibbes. From order overruling exceptions to return of appraisers, plaintiff appeals.

*Mr. Wm. H. Lyles,* for appellant, cites : Art. III., sec. 28, Con.; 19 S. C., 243; 20 S. C., 249; 24 S. C., 36; 28 S. C., 521.

*Mr. John P. Thomas, Jr.,* contra, cites : 21 S. C., 381; 25 Ill., 610; 104 Ill., 104; Rev. Stat., 2126; art. III., sec. 28, Con.; 22 Stat., 190.

April 10, 1899. The opinion of the Court was delivered by

MR. JUSTICE JONES. In proceedings under a judgment entered in 1897, in favor of appellant against respondents, homestead appraisers assigned to the judgment debtor, Mrs. Caroline Gibbes, by metes and bounds, as a homestead, a lot with dwelling house thereon, in the city of Columbia, in which she owned only a life estate, valued by the appraisers at $800, the fee simple value of the premises being placed at $5,000, and the premises reported to be indivisible. From the decree of the Circuit Court, overruling exceptions to this return and approving said return, is this appeal. We understand from the record that no question was raised on Circuit as to the correctness of the valuation of the life estate. The contention here is that since the fee simple value of the land in which the exemption is claimed exceeds $1,000, that the Circuit Court should have ordered the sheriff to proceed, in accordance with the requirements of section 2128, Revised Statutes, as in case where the value of the property claimed is ascertained to be more than $1,000 and the property is incapable of partition. The question is whether, in assigning a homestead in lands to a judgment debtor whose interest therein is a life estate, the value of that life estate, or the value of a fee simple estate in said lands, is the proper basis for ascertaining the exemption; whether a homestead in lands held in fee or any lesser estate is limited in reference to the value of the land, or the value of the debtor's interest or estate therein. By the Constitution, art. III., sec. 28, it is provided : "The General Assembly shall enact such laws as

will exempt from attachment, levy and sale * * * to the head of any family *. * * a homestead in lands, whether held in fee or any lesser estate, to the value of $1,000, &c." By act of the legislature, approved March 9, 1896, 22 Stat., 190, amending the statute appearing as sec. 2126, Revised Statutes, "A homestead in lands, whether held in fee or any lesser estate, to the value of $1,000 * * * shall be exempt to the head of every family residing in this State, from attachment, levy and sale, &c." In sec. 1996, General Statutes, appearing as sec. 2128, Revised Statutes, it is provided: "Whenever in the appraisement of a homestead * * * the appraisers shall find that the premises exceed the value of $1,000, and that the same cannot be divided without injury to the remainder, they shall make and sign, under oath, an appraisal thereof, and deliver the same to the sheriff, who shall within ten days thereafter deliver a copy thereof to the head of the family claiming the homestead * * * with a notice attached that unless the person claiming the homestead shall pay the said sheriff the surplus of the appraised value over and above $1,000 within sixty days, such premises will be sold, &c." In view of the above quotations, it seems very clear that appellant's view can not be sustained. To do so would produce this startling result in this case, that since the fee simple value of the land is $5,000, the life tenant, who is the judgment debtor, and whose estate is valued at $800, must, in order to prevent a sale of her home, pay the sheriff $4,000, the excess of the value of the land over her homestead exemption therein. It is not and could not be disputed that a life estate in land may be set off as a homestead, since such an estate is within the term "lesser estate." What, then, is the thing to be valued? Manifestly the thing exempted from attachment, levy and sale, the interest or estate the judgment debtor has in the land, as the homestead laws have no concern with the valuation of property not amenable to process against the debtor. Of course, in ascertaining the value of a life estate in land, refer-

ence must be had to the value of the land in fee, but only as a means to ascertain the value of the life estate. The cases of *Elliott* v. *Mackorell,* 19 S. C., 243; *Ex parte Ray,* 20 S. C., 249; *Munro* v. *Jeter,* 24 S. C., 36; *Carolina Savings Bank* v. *Evans,* 28 S. C., 521, cited by appellant's counsel, do not conflict with this self-evident view. Those cases show that the right of homestead is not an estate, but a mere right of exemption, by which the debtor's estate is protected from seizure and sale for the payment of debt, and that in determining this right, the nature and quality of the title is not material, since whatever the interest be, whether in fee or lesser estate, the *right* of exemption therein exists. The question here is not as to the right to a homestead exemption in a life estate in land, but when such right exists, the extent of the right is to be measured by reference to the value of the property or estate claimed to be exempt from seizure and sale. The fact being conceded that the life estate, the only interest of the judgment debtor in the premises, is worth less than $1,000, the Circuit Court did not err in confirming the return of the appraisers.

The judgment of the Circuit Court is affirmed.