8918

GIBBES *ET AL.* v. HUNTER *ET AL.*

(88 S. E. 606.)

HOMESTEAD. SUBJECT MATTER. VESTED RIGHTS.

1. HOMESTEAD — EXEMPTION — NATURE OF EXEMPTION — "LAND."— A remainder in fee is "land," within the Constitution exempting from sale a homestead in lands held in fee; Code Civ. Proc. 1912, sec. 120, *et seq.*, showing that in contemplation of law there is no such thing as land apart from the title.

2. HOMESTEAD—ESTATES EXEMPTED—REMAINDERS.—One having a vested remainder in fee, as tenant in common, in a tract of land, may claim a homestead therein.

3. An undivided interest in lands in remainder, of less value than $1,000, belonging to a head of a family and resident of this State, where such head of a family owns no other lands, is not subject to the lien of a judgment against him, and cannot be sold under execution issued thereon.

4. Where an attempt is made to levy under judgment and execution upon an undivided interest in remainder during the existence of the precedent life estate, which interest is exempt as homestead from levy and sale, it is the duty of the sheriff to set off to the owner a homestead in such lands, and his failure so to do does not prevent the homestead right then vesting in such lands in the same manner as if this official duty had been then performed, and the lands had been then set off as homestead.

5. HOMESTEAD—INTERESTS—VALUE.—In 1898, over plaintiff's protest against the levy and sale, his interest as tenant in common in remainder in a tract of land, as to which he asserted a homestead right, was sold under execution on a judgment recovered in 1897. At that time the value of plaintiff's interest was less than the exemption of $1,000. Thereafter the land appreciated in value, and at the time of the suit to vacate the sale plaintiff's interest was considerably over the $1,000 exemption. *Held* that, as plaintiff could not have had his interest set off as a homestead under Rev. St. 1893, sec. 2134, because process had issued against him, his homestead rights in the land must be determined by its value at the time of the execution sale, and not at the time of the suit.

Before PRINCE, J., Columbia, February, 1914. Modified.

Action by Caroline S. Gibbes, J. Wilson Gibbes, Sarah E. David, Jennie G. Gibbes and Robert W. Gibbes against James E. Hunter, Caroline Nathalie Hunter, James E. Hunter, Jr., and the Bank of Columbia. From a decree, the defendant, the Bank of Columbia, and the plaintiff, J. Wilson Gibbes, both appeal. The facts are stated in the opinion.

*Messrs. Washington Clark, Lyles & Lyles* and *W. H. Townsend,* for Bank of Columbia, cite: *Homestead has reference to the physical state of the property rather than the nature and quality of the title:* 24 S. C. 36. *Lands defined:* 1 Nott & McC. 463; 208 Pa. St. 392. *Homestead cannot be assigned out of an undivided interest in real estate:* 26 S. C. 230; 28 S. C. 133; 32 S. C. 454. *The claimant must have a right to possession:* 47 S. C. 301; 26 S. C. 18; 87

N. C. 79. *Sale of remainder under execution:* 82 S. C. 137;
27 S. C. 162; 23 S. C. 104. *The several remaindermen and
life tenant cannot each have a homestead in the same land at
the same time:* 20 S. E. 736; 26 L. R. A. 814. *Right does
not attach until homestead has been set off and recorded:*
Const., art. III, sec. 28; 24 S. C. 37.

*Messrs. Thomas & Lumpkin* and *Shand, Benet, Shand
& McGowan,* for J. Wilson Gibbes. The latter cite: Con-
stitution, 1868, art. II, sec. 32; 2 S. C. 232; 21 S. C. 127,
133, 137. *Amendment of 1880:* 17 Stats. 320. *Constitu-
tional provisions construed. Legislature merely to pass
laws to enforce the constitutional provisions, by providing
method of assignment:* 21 S. C. 379. *Assignment not
essential to right:* 20 S. C. 248; 26 S. C. 1; 32 S. C. 266.
*Nor is homestead dependent on a right to present possession
in severalty:* 2 DeS. 430; 16 S. C. 330; 47 S. C. 305; 24
S. C. 35; 54 S. C. 579; 51 S. C. 100; 21 S. C. 379. *Diffi-
culty in assigning does not defeat right:* 14 S. C. 454; 26
S. C. 229; 28 S. C. 133; 32 S. C. 170. *Where there is a
right of homestead in land worth less than $1,000.00 it
cannot be levied upon and sold under execution:* 32 S. C.
266; 37 S. C. 118; 73 S. C. 329; 46 S. C. 70; 26 S. C. 1.
*The right to homestead precedes the assignment. Partition
only sustained where the parties are entitled to possession:*
29 S. C. 370; 51 S. C. 208; 56. S. C. 304, distinguished.
*The property designated by Gibbes in 1898 then became
fixed as his homestead:* 37 S. C. 102, 118, 119; 51 S. C. 100.

August 21, 1914.

The opinion of the Court was delivered by MR. JUSTICE
GAGE.

The appeal involves two issues, both of law, one of which
is made by the Bank of Columbia and the other of which is
made by J. Wilson Gibbes.

Both issues involve the construction of the Constitution and laws touching the homestead.

The facts, in brief, are these: Mrs. Caroline S. Gibbes and her children, one of whom is Wilson, owned in 1898 and now own a house and lot in the city of Columbia; the title therein of the mother was and is for her life; the title therein of the children was and is in fee in the vested remainder; the value of the life estate was in 1898 less than $1,000.00, and the value of Wilson's undivided interest in the remainder was then less than $1,000.00; the bank got, in 1897, a judgment against the mother and Wilson for $1,022.25, which was revived in 1907; in 1898 the sheriff sold under the bank's execution the undivided interest of Wilson for $50.00, and made deed thereto to the bank; before such sale Wilson served upon the sheriff written notice, protesting against the levy upon and the sale of his interest, upon the ground that it was his homestead and exempt from such process.

Wilson now claims, by a proper remedy, (1) that his interest is yet intact, free from the lien of a judgment, and unsold, and (2) his, without reference to what is its present value, confessedly more than a homestead.

The bank claims that the sale was effective to carry title; and if not, yet the interest is now worth much more than $1,000.00, and the surplus over that must be applied to its judgment.

The Circuit Court sustained Wilson's first contention, but denied his last contention; so that both he and the bank take exceptions; and these are the issues to be now decided.

Our opinion is, the Circuit Court was right about the first contention and wrong about the second contention.

In the threshold and on the first issue, the bank contends that the undivided title in remainder which Wilson had, was an "incorporeal hereditament" and was not lands; that the Constitution and statutes exempts

from levy and sale "lands," but does not exempt incorporeal hereditaments.

That contention is only specious. There is no such thing as land, in contemplation of law, apart from the *title* to it. All the provisions of the Code of Procedure touching suits about land devolve about the title to the land. Section 120, *et seq.*

The Constitution, which gives the right of homestead, exempts from sale a homestead "in lands * * * *held* in fee," etc.

Every interest in land is determined by the title to it,— that inhering, underlying, invisible and ideal right by which the physical soil is held.

That title may qualify the holder to take present *pedis possessio;* or it may defer such possession to the future; but the title is as sure, and as manifest in the one case as in the other. Indeed, he who holds a vested remainder in fee, has a larger estate, though both are freeholders, than he who holds the life estate.

In the case at bar, the title in issue is a vested remainder in fee; and in several persons and undivided. That circumstance gives rise to the next contention, which is that a title held in common with others is not a thing which 2, 3 can be exempted from sale. It is true that sometimes the title can not be staked and measured on the ground; that was so held in *Nance* v. *Hill,* 26 S. C. 229, 1 S. E. 897, and *Mellichamp* v. *Mellichamp,* 28 S. C. 133, 5 S. E. 333.

But these cases held nothing against the view now expressed; they rather suggest and confirm that view.

If a claimant had a title in land not exceeding $1,000 in value, was a resident of the State, and the head of a family (and such was Wilson Gibbes' plight in 1898), then a judgment against him would have no lien on that title. The Constitution and statutes so declare. The right of exemption would be a hollow thing if the sheriff could alienate the

title before it could be settled down on a particular parcel of ground on the proceeds of it. By parity of reasoning a highwayman might justify his act in taking a traveler, before the traveler could draw in self-defense, and because the traveler had not drawn his weapon.

Gibbes' title was not so segregated as to be marked "exempted;" but it was so immune from liability as to stay the sheriff's hand from meddling with it.

The sheriff, however, in June, 1898, did undertake to sell the undivided title in remainder against the needless protest of Gibbes, the claimant; it was purchased by the judgment creditor, the Bank of Columbia, for $50; and the sheriff executed to the bank a deed therefor.

The Circuit Court rightly held that such sale was unlawful and did not operate to alienate the title of Gibbes.

Thereupon the second issue arises. The same tenancy exists now as existed in 1898, the title is still held by Caroline S. Gibbes for her life and by the children in remainder. The land, however (a corner lot in Columbia), has greatly appreciated in value, and is now worth many thousands of dollars.

The life estate which was actually set off for a homestead from Mrs. Gibbes in 1898 (54 S. C. 579, 32 S. E. 690), and the value of which was based upon the value of the fee, is now worth much more than $1,000.

The share of Wilson Gibbes, worth in 1898 less than $1,000, is worth much more than that.

The issue is manifest, shall Wilson Gibbes have now the value of 1898 or the value of 1914?

There is no case reported in this State determinative of the issue; but there are decisions which point the way.

Gibbes had in 1898 and has now a title manifest to the legal eye, marketable, of value, and of essence. He might have sold it and made a good deed thereto. The sheriff could not sell it, for it was exempt. Gibbes could not enjoy

it then nor now,—the life tenant was and is in. It is true, if the sheriff had the power then and now to sell, appraisers could not give metes and bounds. The Constitution does not declare metes and bounds must be given; the statute so declares, but only in circumstances where metes and bounds may be used for the end in view.

If one has the right of homestead exemption in land, and the land is sold for partition, the claimant may have the exemption in his share of the proceeds of sale. *Swandale* v. *Swandale,* 25 S. C. 393. The law looks to the essence of things.

In the case at bar, in 1898, there was no reason why a title to an undivided fee in remainder in a certain lot, if worth less than $1,000, was not as certain in legal and intellectual contemplation as a title to a one-acre field. The first named could have been described with as much certainty as that last named; and with as much certainty as a part of the proceeds of sale of a lot.

If the title is real, of fixed value, in a certain land, is exempt, and sought by a creditor, the occasion is ripe for the use of such "metes and bounds" as will make certain the dedication of it to the head of the family.

In 1898, it was within the power of the sheriff to have "set off" to the claimant a homestead in his title to certain lands. It was the sheriff's duty to have done so. Had the sheriff done that, the present issue could not have arisen.

That failure of the sheriff to have performed a duty which would, if performed, have saved the claimant, ought not now to put the claimant in a worse position than that which he would have occupied had the duty been performed; especially when that was the only method prescribed by law whereby the claimant could have his right declared.

The claimant had no right to proceed under section 2134 (Revised Stat. 1893) to have his homestead set off; for process had been lodged against him.

In our opinion, therefore, the judgment of the Court below must be affirmed on the first issue and reversed on the second issue.

MR. JUSTICE HYDRICK, *dissenting.* I dissent from the proposition that the interest of J. Wilson Gibbes in the property in excess of $1,000 in value is now free from the lien of the bank's judgment.