June 30, 1917. The opinion of the Court was delivered by
Without a long recital, the record discloses that Mrs. Sue F. Beaty, a widow with children, and her brother, J.D. Crawford, own as tenants in common a parcel of land containing 401 acres. The record is not plain about the shares in which the title is held. One of the affidavits puts the share of Mrs. Beaty less than one-fourth.
Upon the land there are sundry liens: First, there are alleged judgment liens of Zone Oil Company, of F.M. Durham and Childs and Edwards; and, second, there are mortgages aggregating $4,200 in round figures.
The judgment creditors proceeded to levy on and advertise for sale the undivided title of Mrs. Beaty in order to satisfy their alleged liens.
On motion of Mrs. Beaty made before Hon. John S. Wilson, Circuit Judge, at his chambers, Judge Wilson made an order permanently enjoining those judgment creditors from their procedure. (The order will be reported.) This appeal is from that order: (1) Because Mrs. Beaty "is not entitled to a homestead in land owned as tenant in common," (2) because "homestead cannot be allotted in lands where the land cannot be set off by metes and bounds;" (3) because "the judgments * * * are senior liens on the interest of Sue Beaty and prior liens to any mortgage." The order is not challenged upon the ground that it is a final order in its very terms.
The only questions made are those above indicated. And there is in fact but one question to be decided, and that is: Did the charmed homestead circle lay around Mrs. Beaty's title? for if it did, there was no lien upon it, for liens do not attach to the homestead at all, and if there was no lien the question of priority is not involved.
It is true that when the claimant's title is wrapped up in common with another title, it is impracticable to stake off on *Page 366 
the ground a parcel of land the undivided title of which shall belong to only one of such two persons. That is all the cases have decided. But this case presents no such issue. It has never been decided in this jurisdiction that because a claimant's title is not singular, but is common, that it is not protected by the Constitution from alienation by execution sale.
The homestead right is in the title, and that is as visible to the legal eye when manifested by itself as when entwined with the title of another, and, being visible, it is exempt; it may not be invaded by legal process. It would be a curious application of the homestead law which protected from sale the single title of A in a town lot worth $1,000, and which denied protection to A's interest in a like town lot owned by him and B in equal shares. Yet that is the contention of the appellant.
The widow has a right in the title in issue, so much of it as is worth $1,000, which cannot be alienated by the sheriff; and the creditor may not alienate the widow's title in the whole parcel for the reason that it is not single. See Gibbes
v. Hunter, 99 S.C. 410, 83 S.E. 606. Nevertheless a judgment creditor ought not to have his hands permanently tied towards collecting his debt by a proper process and procedure, nor shall the Circuit order so tie them. The statutes prescribe how a creditor may proceed against a homestead debtor; and these judgment creditors may yet so proceed. And if the judgment is of such a character as homestead may not be claimed against it, that fact may be shown in a proper proceeding. All we decide is that the sheriff was not warranted in proceeding by execution to sell in the way he was proceeding.
The order below is so affirmed and so modified. *Page 367